UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ACQIS LLC,

          Plaintiff,

    v.

APPRO INTERNATIONAL, INC.,
CLEARCUBE TECHNOLOGY, INC., DELL
INC., FUJITSU COMPUTER SYSTEMS
CORP., HITACHI AMERICA, LTD.,
HEWLETT-PACKARD CO.,
INTERNATIONAL BUSINESS MACHINES
CORP., NEC CORP. OF AMERICA,
NEXCOM INC., SUN MICROSYSTEMS,
INC., and SUPER MICRO COMPUTER, INC.

          Defendants.

**COMPLAINT FOR PATENT
INFRINGEMENT**

CASE NO. _____

Jury Trial Demanded

Plaintiff ACQIS LLC ("ACQIS") complains against Defendants Appro International, Inc.

("Appro"), ClearCube Technology, Inc. ("ClearCube"), Dell Inc. ("Dell"), Fujitsu Computer

Systems Corp. ("Fujitsu"), Hitachi America, Ltd. ("Hitachi"), Hewlett-Packard Co. ("HP"),

International Business Machines Corp. ("IBM"), NEC Corp. of America ("NEC"), Nexcom Inc.

("Nexcom"), Sun Microsystems, Inc. ("Sun"), and Super Micro Computer, Inc. ("Super Micro")

(together, the "Defendants") as follows:

## THE PARTIES

1.    Plaintiff ACQIS LLC ("ACQIS") is a limited liability corporation organized

under the laws of Texas, with a principal place of business at 411 Interchange Street, McKinney,

Texas, 75071.

2.    Defendant Appro is a corporation organized under the laws of California, having

its principal place of business in Milpitas, California.  Appro has appointed its agent for service

of process in Texas as follows: Joon Chae, 71 Degas Park Drive, The Woodlands, TX 77382.

3.      Defendant ClearCube is a corporation organized under the laws of Delaware, having its principal place of business in Austin, Texas. ClearCube has appointed its agent for service of process in Texas as follows: CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

4.      Defendant Dell is a corporation organized under the laws of Delaware, having its principal place of business in Round Rock, Texas. Dell has appointed its agent for service of process in Texas as follows: Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

5.      Defendant Fujitsu is a corporation organized under the laws of California, having its principal place of business in Sunnyvale, California. Fujitsu has appointed its agent for service of process in Texas as follows: CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

6.      Defendant Hitachi is a corporation organized under the laws of New York, having its principal place of business in Tarrytown, New York. Hitachi has appointed its agent for service of process in Texas as follows: Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, TX 78701.

7.      Defendant HP is a corporation organized under the laws of Delaware, having its principal place of business in Palo Alto, California. HP has appointed its agent for service of process in Texas as follows: CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

8.      Defendant IBM is a corporation organized under the laws of New York, having its principal place of business in Armonk, New York. IBM has appointed its agent for service of process as in Texas follows: CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

9.     Defendant NEC is a corporation organized under the laws of Delaware, having its principal place of business in Irving, Texas.  NEC has appointed its agent for service of process in Texas as follows:  Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

10.     Defendant Nexcom is a corporation organized under the laws of Delaware, having its principal place of business in Fremont, California.  Nexcom has appointed its agent for service of process in Texas as follows:  Alan Bruce Crouch, 1701 West Northwest Hwy, Grapevine, TX 76051.

11.     Defendant Sun is a corporation organized under the laws of Delaware, having its principal place of business in Santa Clara, California.  Sun has appointed its agent for service of process in Texas as follows:  Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

12.     Defendant Super Micro is a corporation organized under the laws of Delaware, having its principal place of business in San Jose, California.  Super Micro has appointed its agent for service of process as follows:  Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19901.

### JURISDICTION AND VENUE

13.     This is an action for patent infringement arising under the patent laws of the United States (Title 35 of the United States Code).

14.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     On information and belief, this Court has personal jurisdiction over the Defendants in that each of them has committed acts within Texas and this judicial district which give rise to this action, and each of the Defendants has established minimum contacts with the

forum such that the exercise of jurisdiction over these Defendants would not offend traditional notions of fair play and substantial justice.

16.    On information and belief, each of the Defendants has committed acts within this judicial district giving rise to this action, including selling and offering for sale goods that infringe the patents-in-suit and regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

17.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

## THE PATENTS-IN-SUIT

18.    On April 10, 2001, United States Patent No. 6,216,185 ("the '185 Patent") entitled "Personal Computer Peripheral Console With Attached Computer Module" issued to William W.Y. Chu. (A copy of the '185 Patent is attached hereto as Exhibit A.) The entire right, title and interest to the '185 Patent has been assigned to ACQIS. ACQIS is the owner and possessor of all rights pertaining to the '185 Patent.

19.    On April 6, 2004, United States Patent No. 6,718,415 ("the '8,415 Patent") entitled "Computer System and Method Including Console Housing Multiple Computer Modules Having Independent Processing Units, Mass Storage Devices, and Graphics Controllers" issued to William W.Y. Chu. (A copy of the '8,415 Patent is attached hereto as Exhibit B.) The entire right, title and interest to the '8,415 Patent has been assigned to ACQIS. ACQIS is the owner and possessor of all rights pertaining to the '8,415 Patent.

20.    On August 29, 2006, United States Patent No. 7,099,981 ("the '981 Patent") entitled "Multiple Module Computer System and Method" issued to William W.Y. Chu. (A copy of the '981 Patent is attached hereto as Exhibit C.) The entire right, title and interest to the '981 Patent has been assigned to ACQIS. ACQIS is the owner and possessor of all rights

pertaining to the '981 Patent.

21. On December 5, 2006, United States Patent No. 7,146,446 ("the '446 Patent") entitled "Multiple Module Computer System and Method" issued to William W.Y. Chu. (A copy of the '446 Patent is attached hereto as Exhibit D.) The entire right, title and interest to the '446 Patent has been assigned to ACQIS. ACQIS is the owner and possessor of all rights pertaining to the '446 Patent.

22. On February 5, 2008, United States Patent No. 7,328,297 ("the '297 Patent") entitled "Computer System Utilizing Multiple Computer Modules Functioning Independently" issued to William W.Y. Chu. (A copy of the '297 Patent is attached hereto as Exhibit E.) The entire right, title and interest to the '297 Patent has been assigned to ACQIS. ACQIS is the owner and possessor of all rights pertaining to the '297 Patent.

23. On April 22, 2008, United States Patent No. 7,363,415 ("the '3,415 Patent") entitled "Computer System Utilizing Multiple Computer Modules with Serial Interface" issued to William W.Y. Chu. (A copy of the '3,415 Patent is attached hereto as Exhibit F.) The entire right, title and interest to the '3,415 Patent has been assigned to ACQIS. ACQIS is the owner and possessor of all rights pertaining to the '3,415 Patent.

24. On April 22, 2008, United States Patent No. 7,363,416 ("the '416 Patent") entitled "Computer System Utilizing Multiple Computer Modules with Password Protection" issued to William W.Y. Chu. (A copy of the '416 Patent is attached hereto as Exhibit G.) The entire right, title and interest to the '416 Patent has been assigned to ACQIS. ACQIS is the owner and possessor of all rights pertaining to the '416 Patent.

25. On May 20, 2008, United States Patent No. 7,376,779 ("the '779 Patent") entitled "Multiple Module Computer System and Method" issued to William W.Y. Chu. (A copy of the

'779 Patent is attached hereto as Exhibit H.) The entire right, title and interest to the '779 Patent has been assigned to ACQIS. ACQIS is the owner and possessor of all rights pertaining to the '779 Patent.

### FIRST CAUSE OF ACTION
### (INFRINGEMENT OF THE '185 PATENT)
### Against ClearCube, HP, and IBM

26. ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1 - 25.

27. ACQIS is the sole holder of the entire right, title and interest in the '185 Patent.

28. Products embodying the invention of the '185 Patent have been marked in compliance with 35 U.S.C. § 287(a).

29. ClearCube, HP, and IBM have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '185 Patent by without authorization making, using, offering to sell, selling and/or importing, or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States infringing personal blade workstation products within this district and elsewhere.

30. As a result of infringement of the '185 Patent by ClearCube, HP, and IBM, ACQIS has suffered irreparable harm for which ACQIS has no adequate remedy at law. Unless enjoined by this Court, this infringement will continue and will result in further irreparable harm to ACQIS.

31. ACQIS is entitled to recover damages from ClearCube, HP, and IBM not less than a reasonable royalty adequate to compensate for the infringement.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '8,415 PATENT)
### Against All Defendants

32.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1 - 31.

33.     ACQIS is the sole holder of the entire right, title and interest in the '8,415 Patent.

34.     Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '8,415 Patent by without authorization making, using, offering to sell, selling and/or importing, or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States infringing blade server products within this district and elsewhere.

35.     As a result of Defendants' infringement of the '8,415 Patent, ACQIS has suffered irreparable harm for which ACQIS has no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement of the '8,415 Patent will continue and will result in further irreparable harm to ACQIS.

36.     ACQIS is entitled to recover damages from Defendants not less than a reasonable royalty adequate to compensate for the infringement.

## THIRD CAUSE OF ACTION
## (INFRINGEMENT OF THE '981 PATENT)
### Against All Defendants

37.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1 - 36.

38.     ACQIS is the sole holder of the entire right, title and interest in the '981 Patent.

39.     Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '981 Patent by without authorization making, using,

offering to sell, selling and/or importing, or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States infringing blade server products within this district and elsewhere.

40.     As a result of Defendants' infringement of the '981 Patent, ACQIS has suffered irreparable harm for which ACQIS has no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement of the '981 Patent will continue and will result in further irreparable harm to ACQIS.

41.     ACQIS is entitled to recover damages from Defendants not less than a reasonable royalty adequate to compensate for the infringement.

## FOURTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '446 PATENT)
### Against All Defendants

42.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1 - 41.

43.     ACQIS is the sole holder of the entire right, title and interest in the '446 Patent.

44.     Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '446 Patent by without authorization making, using, offering to sell, selling and/or importing, or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States infringing blade server products within this district and elsewhere.

45.     As a result of Defendants' infringement of the '446 Patent, ACQIS has suffered irreparable harm for which ACQIS has no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement of the '446 Patent will continue and will result in further irreparable harm to ACQIS.

46.     ACQIS is entitled to recover damages from Defendants not less than a reasonable royalty adequate to compensate for the infringement.

## FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '297 PATENT)
### Against All Defendants

47.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1 - 46.

48.     ACQIS is the sole holder of the entire right, title and interest in the '297 Patent.

49.     Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '297 Patent by without authorization making, using, offering to sell, selling and/or importing, or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States infringing blade server products within this district and elsewhere.

50.     As a result of Defendants' infringement of the '297 Patent, ACQIS has suffered irreparable harm for which ACQIS has no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement of the '297 Patent will continue and will result in further irreparable harm to ACQIS.

51.     ACQIS is entitled to recover damages from Defendants not less than a reasonable royalty adequate to compensate for the infringement.

## SIXTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '3,415 PATENT)
### Against All Defendants

52.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1 - 51.

53.     ACQIS is the sole holder of the entire right, title and interest in the '3,415 Patent.

54.     Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '3,415 Patent by without authorization making, using, offering to sell, selling and/or importing, or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States infringing blade server products within this district and elsewhere.

55.     As a result of Defendants' infringement of the '3,415 Patent, ACQIS has suffered irreparable harm for which ACQIS has no adequate remedy at law.  Unless enjoined by this Court, Defendants' infringement of the '3,415 Patent will continue and will result in further irreparable harm to ACQIS.

56.     ACQIS is entitled to recover damages from Defendants not less than a reasonable royalty adequate to compensate for the infringement.

## SEVENTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '416 PATENT)
### Against All Defendants

57.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1 - 56.

58.     ACQIS is the sole holder of the entire right, title and interest in the '416 Patent.

59.     Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '416 Patent by without authorization making, using,

offering to sell, selling and/or importing, or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States infringing blade server products within this district and elsewhere.

60.     As a result of Defendants' infringement of the '416 Patent, ACQIS has suffered irreparable harm for which ACQIS has no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement of the '416 Patent will continue and will result in further irreparable harm to ACQIS.

61.     ACQIS is entitled to recover damages from Defendants not less than a reasonable royalty adequate to compensate for the infringement.

**EIGHTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE '779 PATENT)**
**Against All Defendants**

62.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1 - 61.

63.     ACQIS is the sole holder of the entire right, title and interest in the '779 Patent.

64.     Defendants have directly and contributorily infringed, and have induced others to infringe, one or more of the claims of the '779 Patent by without authorization making, using, offering to sell, selling and/or importing, or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States infringing blade server products within this district and elsewhere.

65.     As a result of Defendants' infringement of the '779 Patent, ACQIS has suffered irreparable harm for which ACQIS has no adequate remedy at law. Unless enjoined by this Court, Defendants' infringement of the '779 Patent will continue and will result in further irreparable harm to ACQIS.

66.     ACQIS is entitled to recover damages from Defendants not less than a reasonable royalty adequate to compensate for the infringement.

## DEMAND FOR RELIEF

WHEREFORE, ACQIS respectfully requests the following relief:

a)     That this Court adjudge and decree that Defendants have been and are currently infringing, inducing others to infringe, and committing acts of contributory infringement with respect to one or more of the Patents-in-Suit;

b)     That this Court enter an order that Defendants and its officers, agents, servants, employees, successors and assigns, and those persons acting in concert with them, be preliminarily and permanently enjoined from infringing, inducing others to infringe, and committing acts of contributory infringement with respect to one or more of the Patents-in-Suit;

c)     That this Court award damages to ACQIS to compensate it for each of the unlawful actions set forth in ACQIS' complaint;

d)     That this Court award interest on such damages to ACQIS;

e)     That this Court determine that this patent infringement case is exceptional and award ACQIS its costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

f)     That this Court award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

ACQIS respectfully requests a trial by jury on all issues triable thereby.

Dated:  April 2, 2009

Respectfully submitted,

*George Chandler*

George E. Chandler
CHANDLER LAW OFFICES
207 E. Frank St.
Lufkin, TX  75901-0340


James P. Brogan
Carolyn V. Juarez
COOLEY GODWARD KRONISH LLP
380 Interlocken Crescent, Ste. 900
Broomfield, CO  80021-8023
Telephone:      (720) 566-4000
Facsimile:      (720) 566-4099

Thomas J. Friel, Jr.
Brian E. Mitchell
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222

315712 v7/CO