**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **ACQIS LLC,** | |
| **Plaintiff,** | |
| **vs.** | **CASE NO. 6:09-CV-00148** |
| **APPRO INTERNATIONAL, INC., CLEARCUBE TECHNOLOGY, INC., DELL INC., FUJITSU COMPUTER SYSTEMS CORP., HITACHI AMERICA, LTD., HEWLETT-PACKARD CO., INTERNATIONAL BUSINESS MACHINES CORP., NEC CORP. OF AMERICA, NEX COMPUTERS, INC., SUN MICROSYSTEMS, INC., and SUPER MICRO COMPUTER, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**DEFENDANT CLEARCUBE TECHNOLOGY, INC.'S
ANSWER, COUNTERCLAIMS TO ACQIS LLC'S FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT, AND JURY DEMAND**

Defendant ClearCube Technology, Inc. (ClearCube) files its answer and counterclaims to plaintiff ACQIS LLC's ("ACQIS") First Amended Complaint for Patent Infringement ("Complaint"). ClearCube also makes its jury demand herein.

**I. CLEARCUBE'S ANSWER TO THE FIRST AMENDED COMPLAINT**

**The Parties**

1.      ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies them.

2.      ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies them.

3.      ClearCube admits the allegations of Paragraph 3 of the Complaint.

4.      ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies them.

5.      ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies them.

6.      ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies them.

7.      ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

8.      ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

9.      ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

11.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

12.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

### Jurisdiction and Venue

13.     ClearCube admits the allegations of Paragraph 13 of the Complaint.

14.     ClearCube admits that this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a) over the claims brought against it in this suit, but denies any liability

thereunder.

15.     ClearCube admits, for purposes of this litigation only, that this Court has personal jurisdiction over it.  ClearCube denies the remaining allegations in paragraph 15 of the Complaint as related to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint as they pertain to any other defendant, and therefore denies them.

16.     ClearCube denies the allegations in paragraph 16 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint as they pertain to any other defendant, and therefore denies them.

17.     The allegations in this paragraph are legal conclusions for which no answer is required.  However, ClearCube denies that venue is proper.

### The Patents-in-Suit

18.     ClearCube admits that the '185 Patent is entitled "Personal Computer Peripheral Console With Attached Computer Module" and appears on its face to have been issued on April 10, 2001 to William W.Y. Chu.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

19.     ClearCube admits that the '8,415 Patent is entitled "Computer System and Method Including Console Housing Multiple Computer Modules Having Independent Processing Units, Mass Storage Devices, and Graphics Controllers" and appears on its face to have been issued on April 6, 2004 to William W.Y. Chu.  ClearCube is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

20.     ClearCube admits that the '981 Patent is entitled "Multiple Module Computer System and Method" and appears on its face to have been issued on August 29, 2006 to William W.Y. Chu.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

21.     ClearCube admits that the '446 Patent is entitled "Multiple Module Computer System and Method" and appears on its face to have been issued on December 5, 2006 to William W.Y. Chu.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and therefore denies them.

22.     ClearCube admits that the '297 Patent is entitled "Computer System Utilizing Multiple Computer Modules Functioning Independently" and appears on its face to have been issued on February 5, 2008 to William W.Y. Chu.   ClearCube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

23.     ClearCube admits that the '3,415 Patent is entitled "Computer System Utilizing Multiple Computer Modules with Serial Interface" and appears on its face to have been issued on April 22, 2008 to William W.Y. Chu.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

24.     ClearCube admits that the '416 Patent is entitled "Computer System Utilizing Multiple Computer Modules with Password Protection" and appears on its face to have been issued on April 22, 2008 to William W.Y. Chu.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

25.     ClearCube admits that the '779 Patent is entitled "Multiple Module Computer System and Method" and appears on its face to have been issued on May 20, 2008 to William W.Y. Chu.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

**First Cause of Action**
**(Infringement of the '185 Patent)**
**Against ClearCube, HP, and IBM**

26.     ClearCube incorporates by reference its responses to the allegations of paragraphs 1 through 25 above.

27.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, and therefore denies them.

28.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies them.

29.     ClearCube denies the allegations in paragraph 29 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint as they pertain to any other defendant, and therefore denies them.

30.     ClearCube denies the allegations in paragraph 30 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint as they pertain to any other defendant, and therefore denies them.

31.     ClearCube denies the allegations in paragraph 31 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint as they pertain to any other defendant, and therefore denies them.

**Second Cause of Action**
**(Infringement of the '8415 Patent)**
**Against All Defendants**

32.     ClearCube incorporates by reference its responses to the allegations of paragraphs 1 through 31 above.

33.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and therefore denies them.

34.     ClearCube denies the allegations in paragraph 34 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint as they pertain to any other defendant, and therefore denies them.

35.     ClearCube denies the allegations in paragraph 35 of the Complaint as they related to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint as they pertain to any other defendant, and therefore denies them.

36.     ClearCube denies the allegations in paragraph 36 of the Complaint as related to ClearCube. ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint as they pertain to any other defendant, and therefore denies them.

### Third Cause of Action
### (Infringement of the '981 Patent)
### Against All Defendants

37.     ClearCube incorporates by reference its responses to the allegations of paragraphs 1 through 36 above.

38.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies them.

39.     ClearCube denies the allegations in paragraph 39 of the Complaint as they relate to ClearCube. ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint as they pertain to any other defendant, and therefore denies them.

40.     ClearCube denies the allegations in paragraph 40 of the Complaint as they relate to ClearCube. ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint as they pertain to any other defendant, and therefore denies them.

41.     ClearCube denies the allegations in paragraph 41 of the Complaint as they relate to ClearCube. ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint as they pertain to any other defendant, and therefore denies them.

**Fourth Cause of Action**
**(Infringement of the '446 Patent)**
**Against All Defendants**

42.     ClearCube incorporates by reference its responses to the allegations of paragraphs 1 through 41 above.

43.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and therefore denies them.

44.     ClearCube denies the allegations in paragraph 44 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint as they pertain to any other defendant, and therefore denies them.

45.     ClearCube denies the allegations in paragraph 45 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint as they pertain to any other defendant, and therefore denies them.

46.     ClearCube denies the allegations in paragraph 46 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint as they pertain to any other defendant, and therefore denies them.

**Fifth Cause of Action**
**(Infringement of the '297 Patent)**
**Against All Defendants**

47.     ClearCube incorporates by reference its responses to the allegations of paragraphs 1 through 46 above.

48.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, and therefore denies them.

49.     ClearCube denies the allegations in paragraph 49 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint as they pertain to any other defendant, and therefore denies them.

50.     ClearCube denies the allegations in paragraph 50 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint as they pertain to any other defendant, and therefore denies them.

51.     ClearCube denies the allegations in paragraph 51 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint as they pertain to any other defendant, and therefore denies them.

**Sixth Cause of Action**
**(Infringement of the '3,415 Patent)**
**Against All Defendants**

52.     ClearCube incorporates by reference its responses to the allegations of paragraphs 1 through 51 above.

53.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint, and therefore denies them.

54.     ClearCube denies the allegations in paragraph 54 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 54 of the Complaint as they pertain to any other defendant, and therefore denies them.

55.    ClearCube denies the allegations in paragraph 55 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint as they pertain to any other defendant, and therefore denies them.

56.    ClearCube denies the allegations in paragraph 56 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint as they pertain to any other defendant, and therefore denies them.

**Seventh Cause of Action**
**(Infringement of the '416 Patent)**
**Against All Defendants**

57.    ClearCube incorporates by reference its responses to the allegations of paragraphs 1 through 56 above.

58.    ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint, and therefore denies them.

59.    ClearCube denies the allegations in paragraph 59 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint as they pertain to any other defendant, and therefore denies them.

60.    ClearCube denies the allegations in paragraph 60 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 60 of the Complaint as they pertain to any other defendant, and therefore denies them.

61.     ClearCube denies the allegations in paragraph 61 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint as they pertain to any other defendant, and therefore denies them.

**Eighth Cause of Action**
**(Infringement of the '779 Patent)**
**Against All Defendants**

62.     ClearCube incorporates by reference its responses to the allegations of paragraphs 1 through 61 above.

63.     ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint, and therefore denies them.

64.     ClearCube denies the allegations in paragraph 64 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint as they pertain to any other defendant, and therefore denies them.

65.     ClearCube denies the allegations in paragraph 65 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint as they pertain to any other defendant, and therefore denies them.

66.     ClearCube denies the allegations in paragraph 66 of the Complaint as they relate to ClearCube.  ClearCube is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 66 of the Complaint as they pertain to any other defendant, and therefore denies them.

### Demand for Relief

ClearCube denies that ACQIS is entitled to any relief requested in its Demand for Relief or any other relief.

### Demand for Jury Trial

This paragraph requires no response.

## II. GENERAL DENIAL

ClearCube denies any allegations in the Complaint not specifically admitted in its answers and responses above.

## III. CLEARCUBE'S DEFENSES AND AFFIRMATIVE DEFENSES

1.      <u>Failure to State a Claim</u>.  The Complaint fails to state a claim upon which relief can be granted because ClearCube has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to ACQIS under the '185 Patent, the '8,415 Patent, the '981 Patent, the '446 Patent, the '297 Patent, the '3,415 Patent, the '416 Patent, and the '779 Patent, (collectively the "ACQIS Patents-in-Suit").

2.      <u>Non-Infringement</u>.  ClearCube has not and does not infringe the ACQIS Patents-in-Suit, either directly or indirectly, literally or under the doctrine of equivalents.

3.      <u>Invalidity</u>.  The subject matter of the ACQIS Patents-in-Suit do not meet the requirements of 35 U.S.C. §101, *et seq.*, and the ACQIS Patents-in-Suit therefore are invalid, void and unenforceable because they fail to meet the conditions specified in 35 U.S.C. §101, *et seq.* – including but not limited to 35 U.S.C. §§101, 102, 103, 112 and/or 116.

4.      <u>35 U.S.C. §287</u>.  Any claim for damages for patent infringement by ACQIS is limited by 35 U.S.C. §287 to those damages occurring only after the notice of infringement.

5.      <u>Estoppel, Waiver and Unclean Hands</u>.  On information and belief, ACQIS's claims are barred by the doctrines of estoppel, waiver and/or unclean hands.

6.      <u>Laches</u>.  ACQIS's claims are barred by the doctrine of laches.

7.      <u>Limitation on Damages</u>.  ACQIS's claims for monetary relief, if any, are limited to a reasonable royalty.

8.      <u>Reservation of Additional Defenses</u>.  ClearCube reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## IV.  CLEARCUBE'S COUNTERCLAIMS AGAINST ACQIS

ClearCube brings the following counterclaims against ACQIS:

1.      ClearCube hereby incorporates the preceding paragraphs as though fully set forth herein.

### Parties

2.      Defendant/Counterclaimant ClearCube is a corporation organized under the laws of the Delaware, having its principal place of business in Austin, Texas.

3.      Plaintiff/Counterdefendant ACQIS LLC alleges in its Complaint that it is a limited liability corporation organized under the laws of Texas with a principal place of business at 411 Interchange Street, McKinney, Texas 75071.

**Jurisdiction and Venue**

4.      This is an action for declaratory relief.  This Court has jurisdiction over this

counterclaim based on 28 U.S.C. §§1331, 1338(a), 2201 and 2202.

5.      The Court has personal jurisdiction over ACQIS in light of ACQIS's numerous

contacts with this venue.

6.      Venue is proper in this judicial district under 28 U.S.C. §§1391(b), (c) and 1400

*et seq.*

**The Patents-in-Suit**

7.      ACQIS alleges in its Complaint that it is the current owner by assignment of the

following U.S. Patents:

(a)      U.S. Patent No. 6,216,185 ("the '185 Patent") entitled "Personal Computer
Peripheral Console With Attached Computer Module";

(b)      U.S. Patent No. 6,718,415 ("the '8,415 Patent") entitled "Computer System and
Method Including Console Housing Multiple Computer Modules Having
Independent Processing Units, Mass Storage Devices, and Graphics Controllers":

(c)      U.S. Patent No. 7,099,981 ("the '981 Patent") entitled "Multiple Module
Computer System and Method";

(d)      U.S. Patent No. 7,146,446 ("the '446 Patent") entitled "Multiple Module
Computer System and Method";

(e)      U.S. Patent No. 7,328,297 ("the '297 Patent") entitled "Computer System
Utilizing Multiple Computer Modules Functioning Independently";

(f)      U.S. Patent No. 7,363,415 ("the '3,415 Patent") entitled "Computer System
Utilizing Multiple Computer Modules with Serial Interface";

(g)      U.S. Patent No. 7,363,416 ("the '416 Patent") entitled "Computer System
Utilizing Multiple Computer Modules with Password Protection"; and

(h)      U.S. Patent No. 7,376,779 ("the '779 Patent") entitled "Multiple Module
Computer System and Method."

## Existence of an Actual Controversy

8.      On April 2, 2009, ACQIS filed a Complaint against ClearCube alleging that ClearCube infringes the '185 Patent, the '8,415 Patent, the '981 Patent, the '446 Patent, the '297 Patent, the '3,415 Patent, the '416 Patent and the '779 Patent (collectively the "ACQIS Patents-in-Suit"), and actively induces and contributes to the infringement of the ACQIS Patents-in-Suit.

9.      ClearCube disputes the validity of the ACQIS Patents-in-Suit and denies that it has infringed the ACQIS Patents-in-Suit or has induced or contributed to their infringement.

10.      There is an actual and justiciable controversy between ACQIS and ClearCube with respect to the validity, enforceability, and infringement – or lack thereof – of the ACQIS Patents-in-Suit.

## First Counterclaim:  Declaration of Non-Infringement of the '185 Patent

11.      ClearCube hereby incorporates and realleges paragraphs 1 through 10 immediately above above as though fully set forth herein.

12.      ACQIS has alleged, and now alleges, that ClearCube has been and is directly infringing the '185 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '185 Patent, and the use of which infringes the '185 Patent.

13.      ACQIS has alleged, and now alleges, that ClearCube indirectly infringes the '185 Patent by contributing to and/or inducing infringement of the '185 Patent.

14.      ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

15.      ClearCube denies the allegations of ACQIS referenced in preceding paragraphs 11 through 14.

16.     ClearCube has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '185 Patent, either literally or under the doctrine of equivalents.  ClearCube also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '185 Patent.  As such, ClearCube has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

17.     ClearCube desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '185 Patent.

## Second Counterclaim:  Declaration of Invalidity of the '185 Patent

18.     ClearCube hereby incorporates and realleges paragraphs 1 through 17 immediately above as though fully set forth herein.

19.     On information and belief, the '185 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. §101, *et seq.* – including but not limited to 35 U.S.C. §§101, 102, 103, 112 and/or 116.

20.     Based on the foregoing, ClearCube is entitled to a judgment that the '185 Patent is invalid.

## Third Counterclaim:  Declaration of Non-Infringement of the '8,415 Patent

21.     ClearCube hereby incorporates and realleges paragraphs 1 through 20 immediately above as though fully set forth herein.

22.     ACQIS has alleged, and now alleges, that ClearCube has been and is directly infringing the '8,415 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '8,415 Patent, and the use of which infringes the '8,415 Patent.

23.     ACQIS has alleged, and now alleges, that ClearCube indirectly infringes the '8,415 Patent by contributing to and/or inducing infringement of the '8,415 Patent.

24.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

25.     ClearCube denies the allegations of ACQIS referenced in preceding paragraphs 21 through 24.

26.     ClearCube has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '8,415 Patent, either literally or under the doctrine of equivalents. ClearCube also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '8,415 Patent.  As such, ClearCube has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

27.     ClearCube desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '8,415 Patent.

### Fourth Counterclaim:  Declaration of Invalidity of the '8,415 Patent

28.     ClearCube hereby incorporates and realleges paragraphs 1 through 27 immediately above as though fully set forth herein.

29.     On information and belief, the '8,415 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. §101, *et seq.* – including but not limited to 35 U.S.C. §§101, 102, 103, 112 and/or 116.

30.     Based on the foregoing, ClearCube is entitled to a judgment that the '8,415 Patent is invalid.

### Fifth Counterclaim:  Declaration of Non-Infringement of the '981 Patent

31.     ClearCube hereby incorporates and realleges paragraphs 1 through 30 immediately above as though fully set forth herein.

32.     ACQIS has alleged, and now alleges, that ClearCube has been and is directly infringing the '981 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '981 Patent, and the use of which infringes the '981 Patent.

33.     ACQIS has alleged, and now alleges, that ClearCube indirectly infringes the '981 Patent by contributing to and/or inducing infringement of the '981 Patent.

34.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

35.     ClearCube denies the allegations of ACQIS referenced in preceding paragraphs 31 through 34.

36.     ClearCube has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '981 Patent, either literally or under the doctrine of equivalents.  ClearCube

also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '981 Patent.  As such, ClearCube has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

37.     ClearCube desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '981 Patent.

### Sixth Counterclaim:  Declaration of Invalidity of the '981 Patent

38.     ClearCube hereby incorporates and realleges paragraphs 1 through 37 immediately above as though fully set forth herein.

39.     On information and belief, the '981 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. §101, *et seq.* – including but not limited to 35 U.S.C. §§101, 102, 103, 112 and/or 116.

40.     Based on the foregoing, ClearCube is entitled to a judgment that the '981 Patent is invalid.

### Seventh Counterclaim:  Declaration of Non-Infringement of the '446 Patent

41.     ClearCube hereby incorporates and realleges paragraphs 1 through 40 immediately above as though fully set forth herein.

42.     ACQIS has alleged, and now alleges, that ClearCube has been and is directly infringing the '446 Patent by making, using, offering to sell, and selling within the United States,

and/or importing into the United States, products and services that infringe the '446 Patent, and

the use of which infringes the '446 Patent.

43.     ACQIS has alleged, and now alleges, that ClearCube indirectly infringes the '446

Patent by contributing to and/or inducing infringement of the '446 Patent.

44.     ACQIS also contends that such alleged direct and indirect infringement has

caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

45.     ClearCube denies the allegations of ACQIS referenced in preceding paragraphs

41 through 44.

46.     ClearCube has alleged, and hereby alleges, that it has not infringed and presently

is not infringing the '446 Patent, either literally or under the doctrine of equivalents.  ClearCube

also has alleged, and hereby alleges, that it has not and presently is not actively inducing or

contributing to the infringement of the '446 Patent.  As such, ClearCube has alleged, and hereby

continues to allege, that it is not liable for damages arising from the claimed infringement.

47.     ClearCube desires and requests a judicial determination and declaration of the

respective rights and duties of the parties based on the disputes recited above.  Such a

determination and declaration are necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties regarding the non-infringement, unenforceability and

invalidity of the '446 Patent.

**Eighth Counterclaim:  Declaration of Invalidity of the '446 Patent**

48.     ClearCube hereby incorporates and realleges paragraphs 1 through 47

immediately above as though fully set forth herein.

49.     On information and belief, the '446 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. §101, *et seq.*, including but not limited to 35 U.S.C. §§101, 102, 103, 112 and/or 116.

50.     Based on the foregoing, ClearCube is entitled to a judgment that the '446 Patent is invalid.

**Ninth Counterclaim:  Declaration of Non-Infringement of the '297 Patent**

51.     ClearCube hereby incorporates and realleges paragraphs 1 through 50 immediately above as though fully set forth herein.

52.     ACQIS has alleged, and now alleges, that ClearCube has been and is directly infringing the '297 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '297 Patent, and the use of which infringes the '297 Patent.

53.     ACQIS has alleged, and now alleges, that ClearCube indirectly infringes the '297 Patent by contributing to and/or inducing infringement of the '297 Patent.

54.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

55.     ClearCube denies the allegations of ACQIS referenced in preceding paragraphs 51 through 54.

56.     ClearCube has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '297 Patent, either literally or under the doctrine of equivalents.  ClearCube also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '297 Patent.  As such, ClearCube has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

57.     ClearCube desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '297 Patent.

### Tenth Counterclaim:  Declaration of Invalidity of the '297 Patent

58.     ClearCube hereby incorporates and realleges paragraphs 1 through 57 immediately above as though fully set forth herein.

59.     On information and belief, the '297 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. §101, *et seq.*, including but not limited to 35 U.S.C. §§101, 102, 103, 112 and/or 116.

60.     Based on the foregoing, ClearCube is entitled to a judgment that the '297 Patent is invalid.

### Eleventh Counterclaim:  Declaration of Non-Infringement of the '3,415 Patent

61.     ClearCube hereby incorporates and realleges paragraphs 1 through 60 immediately above as though fully set forth herein.

62.     ACQIS has alleged, and now alleges, that ClearCube has been and is directly infringing the '3,415 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '3,415 Patent, and the use of which infringes the '3,415 Patent.

63.     ACQIS has alleged, and now alleges, that ClearCube indirectly infringes the '3,415 Patent by contributing to and/or inducing infringement of the '3,415 Patent.

64.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

65.     ClearCube denies the allegations of ACQIS referenced in preceding paragraphs 61 through 64.

66.     ClearCube has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '3,415 Patent, either literally or under the doctrine of equivalents. ClearCube also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '3,415 Patent.  As such, ClearCube has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

67.     ClearCube desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '3,415 Patent.

### Twelfth Counterclaim:  Declaration of Invalidity of the '3,415 Patent

68.     ClearCube hereby incorporates and realleges paragraphs 1 through 67 immediately above as though fully set forth herein.

69.     On information and belief, the '3,415 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. §101, *et seq.*, including but not limited to 35 U.S.C. §§101, 102, 103, 112 and/or 116.

70.     Based on the foregoing, ClearCube is entitled to a judgment that the '3,415 Patent is invalid.

**Thirteenth Counterclaim:  Declaration of Non-Infringement of the '416 Patent**

71.     ClearCube hereby incorporates and realleges paragraphs 1 through 70 immediately above as though fully set forth herein.

72.     ACQIS has alleged, and now alleges, that ClearCube has been and is directly infringing the '416 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '416 Patent, and the use of which infringes the '416 Patent.

73.     ACQIS has alleged, and now alleges, that ClearCube indirectly infringes the '416 Patent by contributing to and/or inducing infringement of the '416 Patent.

74.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

75.     ClearCube denies the allegations of ACQIS referenced in preceding paragraphs 71 through 74.

76.     ClearCube has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '416 Patent, either literally or under the doctrine of equivalents.  ClearCube also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '416 Patent.  As such, ClearCube has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

77.     ClearCube desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '416 Patent.

### Fourteenth Counterclaim:  Declaration of Invalidity of the '416 Patent

78.     ClearCube hereby incorporates and realleges paragraphs 1 through 77 immediately above as though fully set forth herein.

79.     On information and belief, the '416 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. §101, *et seq.*, including but not limited to 35 U.S.C. §§101, 102, 103, 112 and/or 116.

80.     Based on the foregoing, ClearCube is entitled to a judgment that the '416 Patent is invalid.

### Fifteenth Counterclaim:  Declaration of Non-Infringement of the '779 Patent

81.     ClearCube hereby incorporates and realleges paragraphs 1 through 80 immediately above as though fully set forth herein.

82.     ACQIS has alleged, and now alleges, that ClearCube has been and is directly infringing the '779 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '779 Patent, and the use of which infringes the '779 Patent.

83.     ACQIS has alleged, and now alleges, that ClearCube indirectly infringes the '779 Patent by contributing to and/or inducing infringement of the '779 Patent.

84.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

85.     ClearCube denies the allegations of ACQIS referenced in preceding paragraphs 81 through 84.

86.     ClearCube has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '779 Patent, either literally or under the doctrine of equivalents.  ClearCube

also has alleged, and hereby alleges, that it has not and presently is not actively inducing or

contributing to the infringement of the '779 Patent.  As such, ClearCube has alleged, and hereby

continues to allege, that it is not liable for damages arising from the claimed infringement.

87.     ClearCube desires and requests a judicial determination and declaration of the

respective rights and duties of the parties based on the disputes recited above.  Such a

determination and declaration are necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties regarding the non-infringement, unenforceability and

invalidity of the '779 Patent.

**Sixteenth Counterclaim:  Declaration of Invalidity of the '779 Patent**

88.     ClearCube hereby incorporates and realleges paragraphs 1 through 87

immediately above as though fully set forth herein.

89.     On information and belief, the '779 Patent is invalid for failing to meet the

conditions specified in 35 U.S.C. §101, *et seq.*, including but not limited to 35 U.S.C. §§101,

102, 103, 112 and/or 116.

90.     Based on the foregoing, ClearCube is entitled to a judgment that the '779 Patent is

invalid.

**V. JURY DEMAND**

ClearCube demands a trial by jury of all issues so triable in this action.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant ClearCube prays for relief as follows:

a)      that ACQIS's Complaint be dismissed in its entirety with prejudice and
        that ACQIS take nothing thereon;

b)      that ACQIS's request for injunctive relief against ClearCube be denied;

c)      for an entry of judgment declaring that each of the asserted claims of the ACQIS Patents-in-Suit are invalid, void, and without force and effect;

d)      for an entry of judgment declaring that ClearCube has not infringed and does not infringe, either directly, contributorily or through inducement, literally or under the doctrine of equivalents, any of the claims of the ACQIS Patents-in-Suit; and

e)      that ClearCube be awarded its costs, disbursements and attorneys' fees incurred in this action pursuant to 35 U.S.C. §285 and other provisions of law.

ClearCube prays for all other relief the Court deems just and proper.

Dated:  July 2, 2009

Respectfully submitted,

HOWRYBREEN, L.L.P.
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX

_____
Randy Howry
State Bar No. 10121690
Sean Breen
State Bar No. 00783715

**ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMANT
CLEARCUBE TECHNOLOGY, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of July 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

_Randy Hong_
_____