**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ACQIS LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| | § | **Civil Action No. 6:09-cv-00148-LED** |
| **APPRO INTERNATIONAL, INC.,** | § | |
| **CLEARCUBE TECHNOLOGY, INC.,** | § | |
| **DELL INC., FUJITSU COMPUTER** | § | |
| **SYSTEMS CORP., HITACHI AMERICA,** | § | **JURY TRIAL DEMANDED** |
| **LTD., HEWLETT-PACKARD CO.,** | § | |
| **INTERNATIONAL BUSINESS** | § | |
| **MACHINES CORP., NEC CORP. OF** | § | |
| **AMERICA, NEXCOM INC., SUN** | § | |
| **MICROSYSTEMS, INC., and** | § | |
| **SUPER MICRO COMPUTER, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DELL'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Dell Inc. ("Dell") responds to Acqis, LLC's ("ACQIS") Second Amended Complaint for Patent Infringement by answering each paragraph of the Second Amended Complaint. Dell also requests that the Court dismiss ACQIS's inducement and contributory infringement claims against Dell pursuant to FED. R. CIV. P. 12(b)(6). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *see also* Moving Defendants' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), Doc. No. 75, filed July 08, 2009 (since withdrawn).

In a single sentence, repeated almost identically seven times, ACQIS accuses Dell of inducement under 35 U.S.C. § 271(b) and contributory infringement under § 271(c) of each of the seven patent asserted against Dell. *See* Second Amended Complaint, Doc. No. 95, at ¶¶ 54, 69, 84, 99, 114, 129, and 144. However ACQIS did not set forth any facts that could support its bald, conclusory allegations. Therefore Dell requests that the Court dismiss the inducement and

contributory infringement claims against Dell in paragraphs 54, 69, 84, 99, 114, 129, and 144 of the Second Amended Complaint.

## PARTIES

1.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

2.      This paragraph sets forth allegations related to a party other than Dell to which no response is required.

3.      This paragraph sets forth allegations related to a party other than Dell to which no response is required.

4.      Admitted.

5.       This paragraph sets forth allegations related to a party other than Dell to which no response is required.

6.      This paragraph sets forth allegations related to a party other than Dell to which no response is required.

7.      This paragraph sets forth allegations related to a party other than Dell to which no response is required.

8.      This paragraph sets forth allegations related to a party other than Dell to which no response is required.

9.      This paragraph sets forth allegations related to a party other than Dell to which no response is required.

10.      This paragraph sets forth allegations related to a party other than Dell to which no response is required.

11.      This paragraph sets forth allegations related to a party other than Dell to which no response is required.

12.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

## JURISDICTION AND VENUE

13.     Admitted.

14.     Dell admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     Dell admits the Court has personal jurisdiction over Dell.

16.     Dell denies it has committed any acts of infringement. This paragraph also sets forth allegations related to a party other than Dell to which no response is required.

17.     Dell does not contest venue but denies that it has committed any acts of infringement. Dell reserves its right to seek a change of venue pursuant to 28 U.S.C. § 1404 for the convenience of parties and witnesses, in the interest of justice.

## THE PATENTS IN SUIT

18.     Dell admits that the '185 patent is entitled, "Personal Computer Peripheral Console With Attached Computer Module," and that the patent lists an issue date of April 10, 2001 and was issued to William W.Y. Chu. Dell admits that a copy of the '185 patent was attached to the Complaint as Exhibit A. Dell is without knowledge or information sufficient to form a belief as to whether ACQIS is the owner of all rights, title, and interest in and under the '185 patent and therefore denies that allegation.

19.     Dell admits that the '8,415 patent is entitled, "Computer System and Method Including Console Housing Multiple Computer Modules Having Independent Processing Units, Mass Storage Devices, and Graphics Controller," and that the patent lists an issue date of April 6, 2004 and was issued to William W.Y. Chu. Dell admits that a copy of the '8,415 patent was attached to the Complaint as Exhibit B. Dell is without knowledge or information sufficient to form

a belief as to whether ACQIS is the owner of all rights, title, and interest in and under the '8,415 patent and therefore denies that allegation.

20.     Dell admits that the '981 patent is entitled, "Multiple Module Computer System and Method," and that the patent lists an issue date of August 29, 2006 and was issued to William W.Y. Chu.  Dell admits that a copy of the '981 patent was attached to the Complaint as Exhibit C.  Dell is without knowledge or information sufficient to form a belief as to whether ACQIS is the owner of all rights, title, and interest in and under the '981 patent and therefore denies that allegation.

21.     Dell admits that the '446 patent is entitled, "Multiple Module Computer System and Method," and that the patent lists an issue date of December 5, 2006 and was issued to William W.Y. Chu.  Dell admits that a copy of the '446 patent was attached to the Complaint as Exhibit D.  Dell is without knowledge or information sufficient to form a belief as to whether ACQIS is the owner of all rights, title, and interest in and under the '446 patent and therefore denies that allegation.

22.     Dell admits that the '297 patent is entitled, "Computer System Utilizing Multiple Computer Modules Functioning Independently," and that the patent lists an issue date of February 5, 2008 and was issued to William W.Y. Chu.  Dell admits that a copy of the '297 patent was attached to the Complaint as Exhibit E.  Dell is without knowledge or information sufficient to form a belief as to whether ACQIS is the owner of all rights, title, and interest in and under the '297 patent and therefore denies that allegation.

23.     Dell admits that the '3,415 patent is entitled, "Computer System Utilizing Multiple Computer Modules with Serial Interface," and that the patent lists an issue date of April 22, 2008 and was issued to William W.Y. Chu.  Dell admits that a copy of the '3,415 patent was attached to the Complaint as Exhibit F.  Dell is without knowledge or information sufficient to form a belief as to whether ACQIS is the owner of all rights, title, and interest in and under the '3,415 patent and therefore denies that allegation.

24.     Dell admits that the '416 patent is entitled, "Computer System Utilizing Multiple Computer Modules with Password Protection," and that the patent lists an issue date of April 22, 2008 and was issued to William W.Y. Chu.  Dell admits that a copy of the '416 patent was attached to the Complaint as Exhibit G.  Dell is without knowledge or information sufficient to form a belief as to whether ACQIS is the owner of all rights, title, and interest in and under the '416 patent and therefore denies that allegation.

25.     Dell admits that the '779 patent is entitled, "Multiple Module Computer System and Method," and that the patent lists an issue date of May 20, 2008 and was issued to William W.Y. Chu.  Dell admits that a copy of the '779 patent was attached to the Complaint as Exhibit H.  Dell is without knowledge or information sufficient to form a belief as to whether ACQIS is the owner of all rights, title, and interest in and under the '779 patent and therefore denies that allegation.

## THE PRODUCTS
### Personal Blade Workstation Products

26.     Denied.

27.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

28.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

29.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

### Blade Server Products

30.     Denied.

31.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

32.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

33.     Dell admits the allegations of the first sentence and of the first clause of the second sentence, but denies the allegations of the second clause of the second sentence.

34.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

35.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

36.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

37.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

38.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

39.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

40.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

41.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '185 PATENT)
## Against ClearCube, HP, and IBM

42.     Dell incorporates its responses to paragraphs 1-41.

43.     Dell is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in this paragraph and therefore denies them.

44.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

45.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

46.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

47.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

48.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

49.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '8,415 PATENT)
### Against All Defendants

50.     Dell incorporates its responses to paragraphs 1-49.

51.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

52.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

53.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

54.     Dell denies that it has directly infringed claims 1 and 5-13 of the '8,415 Patent. ACQIS's inducement and contributory infringement claims should be dismissed for failure to state

a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they lack factual allegations necessary to support a plausible claim to relief. Dell denies that it has induced or contributed to infringement by others of the '8,415 Patent.

55.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

56.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

57.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

58.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

59.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

60.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

61.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

62.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

63.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

64.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

**THIRD CAUSE OF ACTION**
**(INFRINGEMENT OF THE '981 PATENT)**
**Against All Defendants**

65.     Dell incorporates its responses to paragraphs 1-64.

66.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

67.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

68.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

69.     Dell denies that it has directly infringed claims 17, 18, 25, 33-36, 51-53, 61-69, 76, 77, 79, and 80 of the '981 Patent.  ACQIS's inducement and contributory infringement claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they lack factual allegations necessary to support  a plausible claim to relief.  Dell denies that it has induced or contributed to infringement by others of the '981 Patent.

70.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

71.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

72.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

73.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

74.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

75.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

76.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

77.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

78.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

79.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.


### FOURTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '446 PATENT)
### Against All Defendants

80.     Dell incorporates its responses to paragraphs 1-79.

81.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

82.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

83.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

84.     Dell denies that it has directly infringed claims 41, 43, 51, 56, 58, and 66 of the '446 Patent.  ACQIS's inducement and contributory infringement claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they lack factual allegations necessary to support  a plausible claim to relief.  Dell denies that it has induced or contributed to infringement by

others of the '446 Patent.

85.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

86.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

87.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

88.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

89.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

90.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

91.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

92.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

93.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

94.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

**FIFTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE '297 PATENT)**
**Against All Defendants**

95.    Dell incorporates its responses to paragraphs 1-94.

96.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

97.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

98.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

99.     Dell denies that it has directly infringed claims 1, 4, 5, 11-14, 21, 23, 24, 26-28, 31, 55, and 74 of the '297 Patent.  ACQIS's inducement and contributory infringement claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they lack factual allegations necessary to support  a plausible claim to relief.  Dell denies that it has induced or contributed to infringement by others of the '297 Patent.

100.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

101.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

102.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

103.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

104.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

105.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

106.    This paragraph sets forth allegations related to a party other than Dell to which no

response is required.

107.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

108.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

109.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

**SIXTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE '3,415 PATENT)**
**Against All Defendants**

110.    Dell incorporates its responses to paragraphs 1-109.

111.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

112.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

113.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

114.    Dell denies that it has directly infringed claims 11-14, 20, 22, 24, 25, 28, 29, 40, 41, 43, and 73-75 of the '3,415 Patent. ACQIS's inducement and contributory infringement claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they lack factual allegations necessary to support a plausible claim to relief. Dell denies that it has induced or contributed to infringement by others of the '3,415 Patent.

115.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

116.    This paragraph sets forth allegations related to a party other than Dell to which no

response is required.

117.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

118.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

119.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

120.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

121.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

122.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

123.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

124.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

**SEVENTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE '416 PATENT)**
**Against All Defendants**

125.     Dell incorporates its responses to paragraphs 1-124.

126.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

127.     This paragraph sets forth allegations related to a party other than Dell to which no response is required.

128.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

129.    Dell denies that it has directly infringed claims 6, 7, 9-12, 14, 16, 19-21, 23, 26, 29, 56, 57, 60-63, 65, 66, 68 and 70 of the '416 Patent.  ACQIS's inducement and contributory infringement claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they lack factual allegations necessary to support  a plausible claim to relief.  Dell denies that it has induced or contributed to infringement by others of the '416 Patent.

130.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

131.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

132.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

133.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

134.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

135.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

136.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

137.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

138.    This paragraph sets forth allegations related to a party other than Dell to which no

response is required.

139.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

**EIGHTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE '779 PATENT)**
**Against All Defendants**

140.    Dell incorporates its responses to paragraphs 1-139.

141.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

142.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

143.    Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

144.    Dell denies that it has directly infringed claims 16, 19, 20, 26, 27, 29, 51, 54-57, and 60 of the '779 Patent.  ACQIS's inducement and contributory infringement claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they lack factual allegations necessary to support  a plausible claim to relief.  Dell denies that it has induced or contributed to infringement by others of the '779 Patent.

145.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

146.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

147.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

148.    This paragraph sets forth allegations related to a party other than Dell to which no

response is required.

149.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

150.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

151.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

152.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

153.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

154.    This paragraph sets forth allegations related to a party other than Dell to which no response is required.

## DEMAND FOR RELIEF

155.    Dell denies that ACQIS is entitled to any judgment or relief, and denies all allegations, contained in ACQIS's Prayer for Relief, as it concerns Dell.  No response is required to the extent that ACQIS's Prayer for Relief is related to a party other than Dell.

## DEMAND FOR JURY TRIAL

156.    Dell acknowledges ACQIS's demand for a jury trial.

## DEFENSES

## FIRST DEFENSE: ANTICIPATION

157.    The asserted claims of the '8,415; '981; '446; '297; '3,415; '416; and '779 patents are invalid for failing to comply with 35 U.S.C. § 102 because the subject matter of the asserted claims was at least known and used by others in this country more than one year prior to the earliest priority

of the asserted claims, described explicitly or inherently in patents and printed publications in this and foreign countries and in one or more patents granted on a patent applications filed by another before the invention by the applicant of the asserted patents.

## SECOND DEFENSE: OBVIOUSNESS

158. The asserted claims of the '8,415; '981; '446; '297; '3,415; '416; and '779 patents are invalid for failing to comply with 35 U.S.C. § 103 because the subject matter of the asserted claims would have been obvious to a person of ordinary skill in the art.

## THIRD DEFENSE: INDEFINITENESS

159. The asserted claims of the '8,415; '981; '446; '297; '3,415; '416; and '779 patents are invalid for failing to comply with 35 U.S.C. § 112 because the claims fail to particularly point out and distinctly claim the subject matter they purportedly encompass.

## FOURTH DEFENSE: LACK OF WRITTEN DESCRIPTION AND ENABLEMENT

160. The asserted claims of the '8,415; '981; '446; '297; '3,415; '416; and '779 patents are invalid for failing to comply with 35 U.S.C. § 112 because the specifications of the asserted patents fail to describe or enable the subject matter of the asserted claims.

## FIFTH DEFENSE: LACHES

161. On information and belief, ACQIS's claims are barred by the equitable doctrine of laches.

## SIXTH DEFENSE: 35 U.S.C. § 287

162. On information and belief, ACQIS's claims for damages are limited by 35 U.S.C. § 287 to any damages occurring only after this suit was filed.

## SEVENTH DEFENSE: LIMITATION ON RECOVERY

163. ACQIS's claims for damages are limited pursuant to 35 U.S.C. § 286, which prohibits any recovery, including damages, for any act that occurred more than six years before the filing of

the Complaint.

## EIGHTH DEFENSE: INJUNCTIVE RELIEF

164.    ACQIS is not entitled to injunctive relief because any injury to ACQIS is not immediate or irreparable, and ACQIS has an adequate remedy at law.

## RESERVATION OF ALL REMAINING DEFENSES

165.    Dell reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States, and any other defenses at law and equity, that may now or in the future be available based on discovery or any other factual investigation.

## <u>COUNTERCLAIMS</u>

166.    Dell Inc. ("Dell") alleges as follows for its counterclaims against Counter-defendant ACQIS, LLC. ("ACQIS"):

167.    Dell incorporates its responses and denials above as though fully set forth here.

## NATURE OF THE ACTION

168.    The counterclaim causes of action are for declaratory judgment of patent invalidity and patent non-infringement.

## PARTIES

169.    Dell is a Delaware corporation with its corporate headquarters and principal place of business at One Dell Way, Round Rock, Texas 78682-2222.

170.    Upon information and belief, ACQIS is a limited liability corporation organized under the laws of Texas, with a principal place of business at 411 Interchange Street, McKinney, Texas, 75071.

## JURISDICTION AND VENUE

171.    These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101

*et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

172.     To the extent that this action remains in this District, venue is appropriate because ACQIS consented to this venue by filing its claims here, in response to which these counterclaims are asserted. Venue is also proper pursuant to 28 U.S.C. §§ 1391 and 1400.

173.     By virtue of the Complaint, an actual and justiciable controversy exists between ACQIS and Dell concerning the invalidity and non-infringement of U.S. Patent Nos. 6,216,185; 6,718,415; 7,099,981; 7,146,446; 7,328,297; 7,363,415; and 7,376,779 ("the patents"). A judicial declaration is necessary and appropriate in order to resolve these controversies.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '8,415 Patent)

174.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-173 above.

175.     ACQIS has alleged, and now alleges, that Dell has been and is directly infringing the '8,415 patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '8,415 patent, and the use of which infringes the '8,415 patent.

176.     ACQIS has alleged, and now alleges, that Dell indirectly infringes the '8,415 patent by contributing to and/or inducing infringement of the '8,415 patent.

177.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

178.     Dell denies the allegations of ACQIS referenced in preceding paragraphs 11 through 14.

179.     Dell has alleged, and hereby alleges, that it has not infringed and currently is not

infringing any valid claims of the '8,415 patent, either literally or under the doctrine of equivalents. Dell also has alleged, and hereby alleges, that it has not and currently is not actively inducing or contributing to the infringement of any valid claims of the '8,415 patent.

180. Dell has alleged, and hereby continues to allege, that it is not liable for damages arising from the infringement of the patents-in-suit alleged by ACQIS. Dell has alleged, and hereby continues to allege, that ACQIS is not entitled to injunctive relief from Dell's alleged infringement of the patents-in-suit.

181. Dell desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement and unenforceability of the '8,415 patent.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '8,415 Patent)**

182. Dell realleges and incorporates herein by reference the allegations in paragraphs 167-181 above.

183. Computer systems for multi-processing purposes that included: (a) an enclosure with: (i) bays for computer modules; (ii) power supply and cooling means for each bay; (iii) backplanes to allow transfer of data between computer modules; (iv) means for communication between the computer modules; and (v) input/output ports including various types of communication ports; (b) computer modules for insertion into the bays in the enclosure that included processors, controllers, and mass storage media; and (c) software to allow independent operation of the computer modules and communications between the computer modules were well known in the art prior to the purported date of invention of the alleged invention claimed in the '8,415 patent and more than a year before the earliest priority date to which the alleged invention claimed in the '8,415 patent is

allegedly entitled, May 14, 1999.

184.     In light of the prior art that existed at the time the applicant sought patent protection for his alleged invention, the asserted claims (which Dell understands to be claims 1 and 5-13) of the '8,415 patent fail to particularly point out and distinctly claim the subject matter that the applicant regarded as his invention. Additionally, the disclosure of the '8,415 patent fails to enable the subject matter of the asserted claims.

185.     Upon information and belief, the asserted claims of the '8,415 patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

186.     Dell is, thus, entitled to a judgment that the '8,415 patent is invalid.

### THIRD COUNTERCLAIM
**(Declaratory Judgment of Noninfringement of the '981 Patent)**

187.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-186 above.

188.     ACQIS has alleged, and now alleges, that Dell has been and is directly infringing the '981 patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '981 patent, and the use of which infringes the '981 patent.

189.     ACQIS has alleged, and now alleges, that Dell indirectly infringes the '981 patent by contributing to and/or inducing infringement of the '981 patent.

190.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

191.     Dell denies the allegations of ACQIS referenced in preceding paragraphs 22 through 25.

192.    Dell has alleged, and hereby alleges, that it has not infringed and currently is not infringing any valid claims of the '981 patent, either literally or under the doctrine of equivalents. Dell also has alleged, and hereby alleges, that it has not and currently is not actively inducing or contributing to the infringement of any valid claims of the '981 patent.

193.    Dell has alleged, and hereby continues to allege, that it is not liable for damages arising from the infringement of the patents-in-suit alleged by ACQIS. Dell has alleged, and hereby continues to allege, that ACQIS is not entitled to injunctive relief from Dell's alleged infringement of the patents-in-suit.

194.    Dell desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement and unenforceability of the '981 patent.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '981 Patent)

195.    Dell realleges and incorporates herein by reference the allegations in paragraphs 167-194 above.

196.    Computer systems for multi-processing purposes that included: (a) an enclosure with: (i) bays for computer modules; (ii) power supply and cooling means for each bay; (iii) backplanes to allow transfer of data between computer modules; (iv) means for communication between the computer modules; and (v) input/output ports including various types of communication ports; (b) computer modules for insertion into the bays in the enclosure that included processors, controllers, and mass storage media; and (c) software to allow independent operation of the computer modules and communications between the computer modules were well known in the art prior to the purported date of invention of the alleged invention claimed in the '981 patent and more than a year

before the earliest priority date to which the alleged invention claimed in the '981 patent is allegedly entitled, May 14, 1999.

197. In light of the prior art that existed at the time the applicant sought patent protection for his alleged invention, the asserted claims (which Dell understands to be claims 17, 18, 25, 33-36, 51-53, 61-69, 76, 77, 79, and 80) of the '981 patent fail to particularly point out and distinctly claim the subject matter that the applicant regarded as his invention. Additionally, the disclosure of the '981 patent fails to enable the subject matter of the asserted claims.

198. Upon information and belief, the asserted claims of the '981 patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

199. Dell is, thus, entitled to a judgment that the '981 patent is invalid.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Noninfringement of the '446 Patent)**

200. Dell realleges and incorporates herein by reference the allegations in paragraphs 167-199 above.

201. ACQIS has alleged, and now alleges, that Dell has been and is directly infringing the '446 patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '446 patent, and the use of which infringes the '446 patent.

202. ACQIS has alleged, and now alleges, that Dell indirectly infringes the '446 patent by contributing to and/or inducing infringement of the '446 patent.

203. ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

204. Dell denies the allegations of ACQIS referenced in preceding paragraphs 33 through

36.

205.     Dell has alleged, and hereby alleges, that it has not infringed and currently is not infringing any valid claims of the '446 patent, either literally or under the doctrine of equivalents. Dell also has alleged, and hereby alleges, that it has not and currently is not actively inducing or contributing to the infringement of any valid claims of the '446 patent.

206.     Dell has alleged, and hereby continues to allege, that it is not liable for damages arising from the infringement of the patents-in-suit alleged by ACQIS. Dell has alleged, and hereby continues to allege, that ACQIS is not entitled to injunctive relief from Dell's alleged infringement of the patents-in-suit.

207.     Dell desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement and unenforceability of the '446 patent.

### SIXTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '446 Patent)**

208.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-207 above.

209.     Computer systems for multi-processing purposes that included: (a) an enclosure with: (i) bays for computer modules; (ii) power supply and cooling means for each bay; (iii) backplanes to allow transfer of data between computer modules; (iv) means for communication between the computer modules; and (v) input/output ports including various types of communication ports; (b) computer modules for insertion into the bays in the enclosure that included processors, controllers, and mass storage media; and (c) software to allow independent operation of the computer modules and communications between the computer modules were well known in the art prior to the

purported date of invention of the alleged invention claimed in the '446 patent and more than a year before the earliest priority date to which the alleged invention claimed in the '446 patent is allegedly entitled, May 14, 1999.

210.     In light of the prior art that existed at the time the applicant sought patent protection for his alleged invention, the asserted claims (which Dell understands to be claims 41, 43, 51, 56, 58, and 66) of the '446 patent fail to particularly point out and distinctly claim the subject matter that the applicant regarded as his invention.  Additionally, the disclosure of the '446 patent fails to enable the subject matter of the asserted claims.

211.     Upon information and belief, the asserted claims of the '446 patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

212.     Dell is, thus, entitled to a judgment that the '446 patent is invalid.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '297 Patent)

213.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-212 above.

214.     ACQIS has alleged, and now alleges, that Dell has been and is directly infringing the '297 patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '297 patent, and the use of which infringes the '297 patent.

215.     ACQIS has alleged, and now alleges, that Dell indirectly infringes the '297 patent by contributing to and/or inducing infringement of the '297 patent.

216.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

217. Dell denies the allegations of ACQIS referenced in preceding paragraphs 44 through 47.

218. Dell has alleged, and hereby alleges, that it has not infringed and currently is not infringing any valid claims of the '297 patent, either literally or under the doctrine of equivalents. Dell also has alleged, and hereby alleges, that it has not and currently is not actively inducing or contributing to the infringement of any valid claims of the '297 patent.

219. Dell has alleged, and hereby continues to allege, that it is not liable for damages arising from the infringement of the patents-in-suit alleged by ACQIS. Dell has alleged, and hereby continues to allege, that ACQIS is not entitled to injunctive relief from Dell's alleged infringement of the patents-in-suit.

220. Dell desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement and unenforceability of the '297 patent.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '297 Patent)

221. Dell realleges and incorporates herein by reference the allegations in paragraphs 167-220 above.

222. Computer systems for multi-processing purposes that included: (a) an enclosure with: (i) bays for computer modules; (ii) power supply and cooling means for each bay; (iii) backplanes to allow transfer of data between computer modules; (iv) means for communication between the computer modules; and (v) input/output ports including various types of communication ports; (b) computer modules for insertion into the bays in the enclosure that included processors, controllers, and mass storage media; and (c) software to allow independent operation of the computer modules

and communications between the computer modules were well known in the art prior to the purported date of invention of the alleged invention claimed in the '297 patent and more than a year before the earliest priority date to which the alleged invention claimed in the '297 patent is allegedly entitled, May 14, 1999.

223.     In light of the prior art that existed at the time the applicant sought patent protection for his alleged invention, the asserted claims (which Dell understands to be claims 1, 4, 5, 11-14, 21, 23, 24, 26-28, 31, 55, and 74) of the '297 patent fail to particularly point out and distinctly claim the subject matter that the applicant regarded as his invention.  Additionally, the disclosure of the '297 patent fails to enable the subject matter of the asserted claims.

224.     Upon information and belief, the asserted claims of the '297 patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

225.     Dell is, thus, entitled to a judgment that the '297 patent is invalid.

### NINTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '3,415 Patent)

226.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-225 above.

227.     ACQIS has alleged, and now alleges, that Dell has been and is directly infringing the '3,415 patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '3,415 patent, and the use of which infringes the '3,415 patent.

228.     ACQIS has alleged, and now alleges, that Dell indirectly infringes the '3,415 patent by contributing to and/or inducing infringement of the '3,415 patent.

229.     ACQIS also contends that such alleged direct and indirect infringement has caused

ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

230.     Dell denies the allegations of ACQIS referenced in preceding paragraphs 55 through 58.

231.     Dell has alleged, and hereby alleges, that it has not infringed and currently is not infringing any valid claims of the '3,415 patent, either literally or under the doctrine of equivalents. Dell also has alleged, and hereby alleges, that it has not and currently is not actively inducing or contributing to the infringement of any valid claims of the '3,415 patent.

232.     Dell has alleged, and hereby continues to allege, that it is not liable for damages arising from the infringement of the patents-in-suit alleged by ACQIS. Dell has alleged, and hereby continues to allege, that ACQIS is not entitled to injunctive relief from Dell's alleged infringement of the patents-in-suit.

233.     Dell desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement and unenforceability of the '3,415 patent.

**TENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '3,415 Patent)**

234.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-233 above.

235.     Computer systems for multi-processing purposes that included: (a) an enclosure with: (i) bays for computer modules; (ii) power supply and cooling means for each bay; (iii) backplanes to allow transfer of data between computer modules; (iv) means for communication between the computer modules; and (v) input/output ports including various types of communication ports; (b) computer modules for insertion into the bays in the enclosure that included processors, controllers,

and mass storage media; and (c) software to allow independent operation of the computer modules and communications between the computer modules were well known in the art prior to the purported date of invention of the alleged invention claimed in the '3,415 patent and more than a year before the earliest priority date to which the alleged invention claimed in the '3,415 patent is allegedly entitled, May 14, 1999.

236.     In light of the prior art that existed at the time the applicant sought patent protection for his alleged invention, the asserted claims (which Dell understands to be claims 11-14, 20, 22, 24, 25, 28, 29, 40, 41, 43, and 73-75) of the '3,415 patent fail to particularly point out and distinctly claim the subject matter that the applicant regarded as his invention.  Additionally, the disclosure of the '3,415 patent fails to enable the subject matter of the asserted claims.

237.     Upon information and belief, the asserted claims of the '3,415 patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

238.     Dell is, thus, entitled to a judgment that the '3,415 patent is invalid.

**ELEVENTH COUNTERCLAIM**
**(Declaratory Judgment of Nonfringement of the '416 Patent)**

239.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-238 above.

240.     ACQIS has alleged, and now alleges, that Dell has been and is directly infringing the '416 patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '416 patent, and the use of which infringes the '416 patent.

241.     ACQIS has alleged, and now alleges, that Dell indirectly infringes the '416 patent by contributing to and/or inducing infringement of the '416 patent.

242.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

243.     Dell denies the allegations of ACQIS referenced in preceding paragraphs 66 through 69.

244.     Dell has alleged, and hereby alleges, that it has not infringed and currently is not infringing any valid claims of the '416 patent, either literally or under the doctrine of equivalents. Dell also has alleged, and hereby alleges, that it has not and currently is not actively inducing or contributing to the infringement of any valid claims of the '416 patent.

245.     Dell has alleged, and hereby continues to allege, that it is not liable for damages arising from the infringement of the patents-in-suit alleged by ACQIS. Dell has alleged, and hereby continues to allege, that ACQIS is not entitled to injunctive relief from Dell's alleged infringement of the patents-in-suit.

246.     Dell desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement and unenforceability of the '416 patent.

### TWELFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '416 Patent)

247.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-246 above.

248.     Computer systems for multi-processing purposes that included: (a) an enclosure with: (i) bays for computer modules; (ii) power supply and cooling means for each bay; (iii) backplanes to allow transfer of data between computer modules; (iv) means for communication between the computer modules; and (v) input/output ports including various types of communication ports; (b)

computer modules for insertion into the bays in the enclosure that included processors, controllers, and mass storage media; and (c) software to allow independent operation of the computer modules and communications between the computer modules were well known in the art prior to the purported date of invention of the alleged invention claimed in the '416 patent and more than a year before the earliest priority date to which the alleged invention claimed in the '416 patent is allegedly entitled, May 14, 1999.

249.    In light of the prior art that existed at the time the applicant sought patent protection for his alleged invention, the asserted claims (which Dell understands to be claims 6, 7, 9-12, 14, 16, 19-21, 23, 26, 29, 56, 57, 60-63, 65, 66, 68 and 70) of the '416 patent fail to particularly point out and distinctly claim the subject matter that the applicant regarded as his invention.  Additionally, the disclosure of the '416 patent fails to enable the subject matter of the asserted claims.

250.    Upon information and belief, the asserted claims of the '416 patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

251.    Dell is, thus, entitled to a judgment that the '416 patent is invalid.

**THIRTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Noninfringement of the '779 Patent)**

252.    Dell realleges and incorporates herein by reference the allegations in paragraphs 167-251 above.

253.    ACQIS has alleged, and now alleges, that Dell has been and is directly infringing the '779 patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States, products and services that infringe the '779 patent, and the use of which infringes the '779 patent.

254.    ACQIS has alleged, and now alleges, that Dell indirectly infringes the '779 patent by

contributing to and/or inducing infringement of the '779 patent.

255.     ACQIS also contends that such alleged direct and indirect infringement has caused ACQIS to suffer damages and that irreparable injury has been caused to ACQIS.

256.     Dell denies the allegations of ACQIS referenced in preceding paragraphs 77 through 80.

257.     Dell has alleged, and hereby alleges, that it has not infringed and currently is not infringing any valid claims of the '779 patent, either literally or under the doctrine of equivalents. Dell also has alleged, and hereby alleges, that it has not and currently is not actively inducing or contributing to the infringement of any valid claims of the '779 patent.

258.     Dell has alleged, and hereby continues to allege, that it is not liable for damages arising from the infringement of the patents-in-suit alleged by ACQIS. Dell has alleged, and hereby continues to allege, that ACQIS is not entitled to injunctive relief from Dell's alleged infringement of the patents-in-suit.

259.     Dell desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement and unenforceability of the '779 patent.

## FOURTEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '779 Patent)

260.     Dell realleges and incorporates herein by reference the allegations in paragraphs 167-259 above.

261.     Computer systems for multi-processing purposes that included: (a) an enclosure with: (i) bays for computer modules; (ii) power supply and cooling means for each bay; (iii) backplanes to allow transfer of data between computer modules; (iv) means for communication between the

computer modules; and (v) input/output ports including various types of communication ports; (b) computer modules for insertion into the bays in the enclosure that included processors, controllers, and mass storage media; and (c) software to allow independent operation of the computer modules and communications between the computer modules were well known in the art prior to the purported date of invention of the alleged invention claimed in the '779 patent and more than a year before the earliest priority date to which the alleged invention claimed in the '779 patent is allegedly entitled, May 14, 1999.

262.    In light of the prior art that existed at the time the applicant sought patent protection for his alleged invention, the asserted claims (which Dell understands to be claims 16, 19, 20, 26, 27, 29, 51, 54-57, and 60) of the '779 patent fail to particularly point out and distinctly claim the subject matter that the applicant regarded as his invention.  Additionally, the disclosure of the '779 patent fails to enable the subject matter of the asserted claims.

263.    Upon information and belief, the asserted claims of the '779 patent are invalid for failing to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

264.    Dell is, thus, entitled to a judgment that the '779 patent is invalid.

## DELL'S REQUEST FOR RELIEF

265.    Dell requests that the Court:

(a)    dismiss ACQIS's claims for inducement under § 271(b) and contributory infringement under 271(c) pursuant to FED. R. CIV. P. 12(b)(6);

(b)    enter judgment in favor of Dell on all of ACQIS's claims against Dell;

(c)    enter judgment that ACQIS take nothing by its Complaint;

(d)     enjoin ACQIS, and any other party claiming rights under through ACQIS from charging Dell, its customers, or anyone in privity with Dell with infringement of any of the patents-in-suit;

(e)     enter judgment that Dell does not infringe any asserted claims of the patents-in-suit;

(f)     enter judgment that the asserted claims of the patents-in-suit are invalid;

(g)     award Dell its costs; and

(h)     award Dell such other and further relief as the Court may deem just and proper, including, if appropriate, finding this case exceptional under 35 U.S.C. § 285 and awarding Dell its reasonable attorneys' fees.

### JURY DEMAND

266.     Dell requests a jury trial for all triable issues.


<u>August 10, 2009</u>                                   Respectfully submitted,

                                        By: <u>*/s/ Christopher R. Benson*</u>
                                             Christopher R. Benson – Lead Attorney
                                             State Bar No. 02164020
                                             Michael C. Barrett – Lead Attorney
                                             State Bar No. 24006803
                                             FULBRIGHT & JAWORSKI LLP
                                             600 Congress Avenue, Suite 2400
                                             Austin, TX 78701
                                             Tel: 512.474.5201
                                             Fax: 512.536.4598
                                             cbenson@fulbright.com
                                             mbarrett@fulbright.com

                                             COUNSEL FOR DEFENDANT
                                             DELL INC.

**CERTIFICATE OF SERVICE**

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on **August 10, 2009**. Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

*/s/Christopher R. Benson__*
Christopher R. Benson