# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ACQIS LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>DELL INC.; HEWLETT-PACKARD CO.; INTERNATIONAL BUSINESS MACHINES CORP.; NEC CORP. OF AMERICA; ORACLE AMERICA, INC.; and SUPER MICRO COMPUTER, INC.,<br><br>        Defendants. | Case No. 6:09-00148-LED<br>**Jury Trial Demanded** |

**PLAINTIFF ACQIS LLC'S OPPOSITION TO MOTION FOR LEAVE TO AMEND DEFENDANTS' INVALIDITY CONTENTIONS**

Plaintiff ACQIS LLC ("ACQIS") hereby opposes Defendants' motion for leave to amend their P.R. 3-3 Invalidity Contentions pursuant to Local Patent Rule 3-6(b) and Federal Rule of Civil Procedure 16 (the "Motion") to include the RLX System 324 (the "RLX System").

## I. INTRODUCTION

Defendants lack good cause for amending their P.R. 3-3 Invalidity Contentions. They have engaged in a pattern of delay and negligence when searching for prior art and other documents relevant to this litigation and, in so doing, have fallen far short of compliance with the Local Rules and Docket Control Order entered by the Court.

Defendant Hewlett Packard acquired RLX in 2005, and Defendants have known of the RLX system for over a year per their own admissions. Yet they just now—283 days after receiving ACQIS's infringement contentions—bring this alleged new prior art to the Court's and ACQIS's attention. If ACQIS sought to bring one of its recently-issued patents into this matter—an analogous situation—Defendants would react by crying prejudice and demanding preclusion.

To justify their one-year delay, Defendants do not point to claim construction as necessitating the amendment. Instead, they rely on pages of attorney argument and two declarations that contain no facts about their investigation or ongoing diligence. These two insufficient declarations are the only evidence Defendants actually submit to show good cause under the Patent Local Rules.

Defendants try to minimize the impact of their tardy prior art offering by arguing that the new information is "merely" cumulative of references they have already presented in their Invalidity Contentions. If that representation is true, then the Defendants would suffer no

prejudice if the Court did not allow them to amend their invalidity contentions just weeks before the close of discovery.

Defendants' long, deliberate wait should not be allowed to escape scrutiny. They waited over a year to put a known piece of prior art into this case. They waited until claim construction was completed. They waited until weeks before the close of discovery—September 15. And their only justification comes in declarations that offer nothing to explain the length of Defendants' delay. The rest of Defendants' motion is only attorney argument—not actual evidence of good cause. Accordingly, Defendants have not carried their burden of showing good cause, and their motion should be denied.[1]

## II. BACKGROUND

Defendants have two delays they must justify under the good cause standard. The first delay involved the year-long wait to disclose the RLX system. The second delay involved a month-and-a-half delay during the critical closing phases of discovery to seek leave to amend. Both are discussed below.

### A. Defendants' Initial Year-Long Delay

Defendants unequivocally admit in the declaration of Ms. Chen that they had knowledge of the RLX system as early as June 29, 2009. (*See* Ex. H to Mot. at ¶ 3.) Yet Defendants deliberately waited until June 24, 2010 to raise this alleged prior art. To put Defendants' delay

---

[1] Defendants appear to be making a habit of seeking late amendments. Just last week, they served an invalidity chart for yet another alleged prior art reference that was not included in their Invalidity Contentions. (*See* Ex. 1, Defendants' Aug. 20, 2010 Correspondence and Chart for IBM Blade Center.) They have not yet sought to amend their Invalidity Contentions to formally add the reference—which would be their fourth amendment or requested amendment. At this point, we must assume that Defendants will seek to add yet another reference beyond the one raised in their currently-pending motion.

in context of the litigation, the bullet points show how long Defendants waited relative to other litigation events:

- **448** days since the this action was filed; (D.I. 1.)
- At least **360** days after Defendants knew of the RLX System; (Ex. H to Mot. at ¶ 3.)
- **337** days after ACQIS identified asserted claims and accused products in its Second Amended Complaint; (D.I. 22.)
- **283** days after ACQIS served its Infringement Contentions; (*See* Ex. C-1 to Mot.)
- **220** days after the Patent Rules originally required Defendants to serve Invalidity Contentions; (D.I. 106; P.R. 3-4.)
- **213** days after ACQIS provided the February 2000 date of conception for claims including the Ethernet hub controller element; (*See* Ex. D to Mot..)
- **167** days after Defendants' Invalidity Contentions were due using the eight-week extension granted by ACQIS; (D.I. 158.)
- **153** days after Defendants' Invalidity Contentions were due using an additional two-week extension—for a total ten-week extension—agreed to by ACQIS; (D.I. 203.)
- **136** days after Defendants' production of all relevant documents was due; (D.I. 154, 158.)
- **115** days after Defendants' first amendment to their Invalidity Contentions; (D.I. 230.)

5.

- **111** days after the claim construction process began pursuant to P.R. 4-1; (D.I. 213.)
- **38** days after ACQIS again provided the February 2000 conception information for the claims containing the Ethernet hub controller element; (*See* Ex. E to Mot. at 6.)
- **23** days after ACQIS's opening claim construction brief was filed; and (D.I. 261.)
- **20** days after Defendants disclosed another alleged prior art system to ACQIS and requested that ACQIS consent to a second amendment of Defendants' Invalidity Contentions. (*See* Ex. J to Mot..)

B. **Defendants' Delay in Seeking Leave to Amend**

With no explanation, Defendants waited 42 additional days to seek leave to amend their Invalidity Contentions after they first brought the RLX System to ACQIS's attention. On top of their already year-long delay, Defendants' additional 42-day delay may seem irrelevant. But these 42 days covered a critical period of the litigation and pushed this case to near the end of discovery. Defendants' additional delay provided them with a chance to refine their Invalidity Contentions in light of the completed claim construction process. Again, to put the additional delay in context, the bullets below show how the delay relates to the other events in the litigation. Defendants' Motion for Leave was filed on August 5, 2010, which is:

- **42** days after Defendants first disclosed the RLX System to ACQIS; (*See* Ex. J to Mot.)
- **28** days after the July 8, 2010 *Markman* hearing; (D.I. 298.)

- **21** days after Defendants first provided charts and documents for the RLX System; (*See* Mot. at 6-7; Exs. A and B-1 to B-18 to Mot.)
- **13** days after ACQIS narrowed its asserted claims to 25; (D.I. 314); and
- **3** days after the Court issued its August 2, 2010 claim construction order (D.I. 315).

### III.    ARGUMENT

Under P.R. 3-6(b), Defendants must show "good cause" for their requested amendment. Courts consider several factors when determining whether there is good cause, including: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the danger of unfair prejudice to the non-movant; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., LLC v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003); *ST Microelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004). Defendants have not satisfied their burden on these factors.

In making its decision, the Court should also consider the purpose and integrity of the Patent Local Rules. A Court is always justified in enforcing its rules. As this Court stated, the Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Anascape, Ltd. v. Microsoft Corp.*, 2008 WL 7180756 (E.D. Tex. May 1, 2008) (Ex. 2). Defendants have failed to establish that they possess "good cause" for their requested amendment.

### A.      Defendants Have No Explanation for Their Lack of Diligence and Delay.

There are several problems with Defendants' explanation for their recent "realization" that the RLX System could anticipate the asserted claims under § 102(g)(2) and allegations that this "realization" constitutes good cause to amend their Invalidity Contentions.

#### 1.      Defendants Provide No Evidence to Support Their Allegations of Diligent Investigation.

Defendants provide absolutely no evidence about what they specifically did to investigate the RLX System. Defendants provide only unsubstantiated attorney argument about how they gathered information from third parties. (*See* Mot. at 10.) Defendants' Motion and associated declarations contain no information about which third parties it contacted and interviewed, when those parties were contacted and interviewed, when it received the documentary evidence from those third parties, and why their diligence was not sufficient. (*Id.*; *see also* Exs. H and K to Mot.) On the current record, Defendants could have had complete knowledge of the RLX system and its status as prior art since the day this litigation was filed—over 450 days ago. That would not be surprising, given Defendant HP's acquisition of RLX and the RLX System in 2005. (*See* Ex. K to Mot. at ¶ 5.) Thus, the information about the RLX System has been available to Defendant HP for years—and at least throughout this litigation. Through their membership in the Joint Defense Group, all Defendants had access to HP's knowledge about the RLX System.

The Court should not be required to speculate as to what actions Defendants took over the last 450 days. Defendants carry the burden to show good cause, which includes showing diligence. Defendants' failure to provide evidence substantiating their alleged diligence is fatal to their motion. *See ST Microelectronics, Inc.*, 307 F. Supp. 2d 845, 851 (finding that there was

no showing of diligence when the moving party failed to establish the details regarding its alleged diligence).

### a. Chen Declaration

Defendants' first piece of evidence is a declaration from Ms. Chen. It establishes that the Defendants knew about the RLX System and potentially corroborating evidence at least as early as June 29, 2009. (*See* Ex. H to Mot. at ¶ 3.) She provides no facts about the one-year delay from June 29, 2009 until the filing of Defendants' motion on August 5, 2010. (*See* Ex. H to Mot.) Similarly, she provides no facts as to the Defendants' diligence in seeking information over the past year. (*Id.*)

### b. McGraw Declaration

Defendants' second and last piece of evidence is a declaration from Mr. McGraw. It states only the history of RLX and that there are no former RLX employees currently at HP who were employed by RocketLogix or RLX in early 2000, but carefully parses whether there are any employees at HP who were employed by RocketLogix or RLX in mid-2000, or late 2000, who could conceivably know who their immediate predecessors were and could have provided the information to Defendants. (*See* Ex. K to Mot.) Nor does the declaration explain why HP did not locate and produce all documents relating to RLX's allegedly early activities in accordance with the Discovery and Docket Control Orders entered in this action—which required production of these documents seven months ago. (*Id.*) Again, this declaration provides no facts about the one-year delay from June 29, 2009 until the filing of Defendants' motion on August 5, 2010. (*Id.*) And, like Ms. Chen, Mr. McGraw provides no facts as to the Defendants' diligence in seeking information over the past year. (*Id.*)

### 2. Defendants Possessed Knowledge About the RLX System for Over a Year, But Delayed its Disclosure.

Defendants have known about the RLX System since at least June 29, 2009, but did not disclose their theory about the RLX System to ACQIS until June 24, 2010—a year later. (*See* Ex. H to Mot. at ¶ 5.) In the intervening 360 days, ACQIS disclosed its Infringement Contentions; Defendants provided lengthy Invalidity Contentions, which they twice amended; claim construction was completed; and the discovery period has nearly expired.

As justification for this extreme delay, Defendants claim that they only recently discovered Dr. Chu's February 15, 2000 conception date for the claims containing Ethernet hub elements. This story makes no sense. Defendants have known about this conception date since November 23, 2009, when ACQIS responded to Defendants' Interrogatory No. 1. (*See* Ex. D to Mot.)

ACQIS' interrogatory response is set forth below. Note that the response—from November 2009—expressly mentions "February 2000" and a "Ethernet hub controller."

> \*\*\* In **February 2000**, Mr. Chu realized that, because the computer modules in his concept must separately communicate with a network through the console, the computer modules in a multiple module system needed to include an Ethernet controller within each computer module and an **Ethernet hub controller** within the console in order to make each computer module independently operable. Mr. Chu then recognized that he could create a multiple module computer system with independently operable modules, such as a multi-computer module server, by connecting multiple computer modules located in a single console using the Ethernet hub controller in the console for intercommunication between the computer modules and communication to an external network. \*\*\* (*Id.*) (emphasis added).

The Court in *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896 (E.D. Tex. 2006), denied a motion for leave to amend Invalidity Contentions in a situation similar to this,

where a defendant sought to add new prior art references after the claim construction hearing. In *Finisar*, the defendant had the plaintiff's infringement contentions, with accompanying documents, and even the plaintiff's proposed claim constructions more than four months before it brought up the new references. *Id.* According to the Court, the defendant "was on notice of the rules, had plenty of time to comply, and had sufficient information to guide an appropriate disclosure of information." *Id.* at 901. While the Court noted that the defendant may not have been deliberately hiding information, "the delay in this case was fully within the control" of the defendant and "it could have done a more complete job of analysis and research earlier in the case in order to comply with its disclosure obligations." *Id*. at 902.

### 3. Even After Defendants Brought the RLX System to ACQIS's Attention, They Delayed Requesting Leave to Amend Their Invalidity Contentions.

As if a year delay was not enough, Defendants waited another month-and-a-half to file their motion to amend once they raised the RLX system with ACQIS. During a critical phase of the case, Defendants failed to work diligently to amend their Invalidity Contentions and disclose the alleged documentary and testimonial evidence that corroborates the conception and reduction to practice dates of the RLX System.

Defendants contacted ACQIS to discuss the amendment to add the RLX System on June 24, 2010. (*See* Ex. J to Mot.) ACQIS requested claim charts to evaluate Defendants' request. (*See* Ex. 3, Letter from A. Byers to M. Plimack.) Defendants did not provide charts detailing the invalidity theories for the RLX System and associated documents until July 15, 2010—three weeks later. (*See* Mot. at 6-7.) Defendants did not file their Motion until August 5, 2010. (D.I. 317.) In the intervening weeks since Defendants first disclosed the RLX System to

ACQIS, the Court held the *Markman* hearing, ACQIS disclosed its narrowed set of 25 asserted claims, and the Court issued its claim construction order. This additional delay was entirely within Defendants' control, yet they once again were not diligent.

### B. According to Defendants, The RLX System is Not Critical to Defendants' Invalidity Contentions.

Defendants argue that their Invalidity Contentions already include United States patents covering and describing the RLX System—and their requested amendment now "merely" includes the RLX System itself.[2] (*See* Mot. at 1.) By their own admission, then, the RLX System is not a critical reference to Defendants' Invalidity Contentions. Additionally, Defendants offer no evidence addressing this good-cause factor—meaning that it should weigh against good cause.

Further, Defendants have cited dozens of references and have hundreds of permutations of combinations that they assert render the asserted claims obvious. (*See* Ex. G to Mot.) Defendants have a myriad of other invalidity theories that they can test even without the RLX System. (*Id.*) Accordingly, denying the Motion to Amend would cause little to no prejudice to Defendants. *See Ariba, Inc. v. Emptoris, Inc.*, 2008 WL 7285523 (E.D. Tex. Sept. 9, 2008) (Ex. 4) (noting that movant had already identified a number of other prior art references that allegedly anticipate or render the claims of the patent obvious).

---

[2] The submitted information concerning development of the RLX System is still lacking in specifics. In their chart for the RLX System, Defendants assert that they are relying upon "at least the following references" and that the citations to documents are "exemplary." (*See* Ex. A to Mot.) Thus, Defendants' contention regarding the RLX System fails to demonstrate that evidence really exists to support their position. The investigation that Defendants seek to do now should have been done months ago in accordance with the deadlines provided in the Court's Docket Control Order. Plaintiffs recognize that this motion is about Defendants' good cause to amend and is not the place to address the quality of the proposed amendments.

### C. ACQIS Would be Severely Prejudiced if the Court Allows Defendants to Amend their Invalidity Contentions.

Under the Patent Rules, ACQIS was entitled to full and fair notice of Defendants' invalidity arguments the date they were due, on January 22, 2010, which reflects a ten-week extension granted by ACQIS. Amending to add the RLX System at this late date would severely prejudice ACQIS's preparation of its case and rebuttal to Defendants' invalidity arguments. At this point in the case:

- ACQIS has narrowed its asserted claims to 25 without the benefit of having had time to inspect the RLX system, review the associated documentation, or take discovery of witnesses who can allegedly corroborate dates (D.I. 314);

- The *Markman* hearing has occurred and the claim construction order has issued (D.I. 298; 315);

- Discovery closes in three weeks, on September 15, 2010 (D.I. 289); and

- Defendants provided their narrowed Invalidity Contentions on August 20, 2010, so any addition of the RLX System may require modification of their selections and disrupt the discovery and expert report schedule, thereby subverting the purpose of the parties' agreement to streamline the rest of the case .

This case has advanced too far for Defendants to credibly claim that their requested amendment does not prejudice ACQIS. *See Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 285 (E.D. Tex. 2008) (allowing amendment of invalidity contentions post-claim construction would be highly prejudicial); see also *West v. Jewelry Innovations, Inc.*, 2008 WL 4532558 (N.D. Cal. Oct. 8, 2008) (Ex. 5) (noting that the court is "particularly reluctant" to grant a motion for leave to amend invalidity contentions post-claim construction).

Defendants cite several cases in support of their propositions that their lack of diligence does not doom this motion or that amendment of invalidity contentions does not prejudice ACQIS. (*See* Mot. at 11, 13.) However, Defendants fail to point out several relevant facts—all

of which emphasize that Defendants' delay and resulting prejudice to ACQIS are key factors in the analysis of whether there is good cause to amend. Under the case law, it is clear that it is simply too late to allow Defendants to add this reference and Defendants have no one but themselves to blame.

In *Arbitron, Inc. v. Int'l Demographics, Inc*., 2008 WL 4755761 (E.D. Tex. Oct. 29, 2008) (Ex. 6), the prejudice to the plaintiff was limited because the amendment was not an addition of a prior art reference, but, instead, addition of an indefiniteness defense. Further, the requested amendment in *Arbitron* would occur prior to claim construction, discovery had not yet begun, and no depositions had been taken.

In *Computer Acceleration Corp. v. Microsoft Corp*., 481 F. Supp. 2d 620 (E.D. Tex. 2007), the Court granted leave to amend where the amendment would occur prior to claim construction, no depositions had yet been taken, and there were four months until the discovery close.

And in *Sybase, Inc. v. Vertica Systems, Inc*., 2009 WL 4574690 (E.D. Tex. Nov. 30, 2009) (Ex. 7), which Defendants cite for the proposition that a motion for leave to add additional prior art references post-*Markman* does not have great prejudicial effect, the Court specifically noted that any prejudice would turn on the proximity of the discovery deadline.

### D. A Continuance of Discovery Will Not Cure the Prejudice to ACQIS.

There is no time left in the schedule for the extensive discovery that the addition of a new, allegedly anticipating, prior art system would create. Accordingly, this fact weighs strongly against allowing Defendants to amend their Invalidity Contentions.

Defendants attempt to redirect the Court's attention away from the late stage of discovery by stating that ACQIS "has had an opportunity to pursue discovery regarding the RLX System and continues to have that opportunity." (*See* Mot. at 14.) Defendants' unsupported statement is undermined by the actual facts. For example, Defendants have not listed persons with knowledge about RLX System 324 in their Initial Disclosures. (*See* Exs. 8-1 to 8-5.) For the one person known to ACQIS to have relevant knowledge, Mr. McGraw, HP postponed his scheduled deposition and, thus far, has refused to provide alternate availability for his deposition. (*See* Ex. 9, Email from H. Baudler to A. Byers; Ex. 10, Letter from C. Juarez to Counsel for HP.) Undoubtedly, many other witnesses would have relevant knowledge, but Defendants have withheld those names. And, at this late stage of the litigation, ACQIS could not even finish the depositions before the discovery deadline even if Defendants provided the names today.

As another example of Defendants' obstruction of discovery efforts around the RLX System 324, Defendants just recently made the RLX System 324 available for inspection, but when ACQIS tried to schedule the inspection, suddenly made the system unavailable on the date ACQIS scheduled. (*See* Ex. 11, Letter from A. Sharma to C. Juarez; Ex. 12, Letter from C. Juarez to A. Sharma; Ex. 13, Email from C. Juarez to Counsel for HP; Ex. 14, Letter from A. Sharma to C. Juarez; Ex. 15, Letter from C. Juarez to Counsel for HP.) Defendants are knowingly interfering with ACQIS's ability to schedule the inspection so that its expert can attend the inspection.

And as another example, Defendants failed to provide ACQIS information about (1) the development and introduction date of the RLX System they have made available for inspection, (2) the operational state of the RLX System, and (3) the source from which Defendants obtained

the RLX System. (*See* Exs. 12, 14, 15.) Under P.R. 3-4(a), Defendants had an obligation to provide this information with their Invalidity Contentions—or at least with their requested amendment to add the RLX System—but have elected instead to withhold the information.

A continuance of the discovery deadline is not a viable option. Opening expert reports are due on September 24, 2010, nine days after discovery closes on September 15, 2010. (D.I. 289.) Rebuttal expert reports are due only weeks later, on October 29, 2010. (*Id.*) The parties have already agreed once to adjust the timeline for these activities. (*Id.*) There is simply no time left in the schedule to allow ACQIS to gather and review the information it needs to prepare its opening and rebuttal arguments. Any additional discovery could change ACQIS's claim selection and could require alteration of at least its opening expert reports on infringement and damages—which are due in a month. As the Court in *Finisar* noted, "[e]nough time and money will eventually cure any prejudice caused by late disclosure of information, but that will not result in the 'just, *speedy and inexpensive* determination of every action.'" 424 F. Supp. 2d at 902 (emphasis in original).

## IV. CONCLUSION

Defendants have failed to demonstrate that they have any excuse for their delay in investigating the RLX System, disclosing it to ACQIS, and requesting leave to amend their Invalidity Contentions. By Defendants' own admission, their Invalidity Contentions already contain the information that the RLX System "merely" embodies. Allowing amendment now would severely prejudice ACQIS's efforts to prepare its case and even a short continuance of discovery would not cure that prejudice. Thus, ACQIS respectfully requests that the Court deny Defendants leave to amend their Invalidity Contentions to add the RLX System.

Dated: August 23, 2010 Respectfully submitted,

   */s/ Wayne O. Stacy*

George E. Chandler
CHANDLER LAW OFFICES
207 E. Frank St., Ste 105
Lufkin, TX 75901-0340

James P. Brogan
Wayne O. Stacy
Carolyn V. Juarez
Ann Marie Byers
Sarah J. Guske
COOLEY LLP
380 Interlocken Crescent, Ste. 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

Thomas J. Friel, Jr.
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this **PLAINTIFF ACQIS LLC'S OPPOSITION TO MOTION FOR LEAVE TO AMEND DEFENDANTS' INVALIDITY CONTENTIONS** was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on August 23, 2010.

/s/ Wayne O. Stacy

343749 v4/CO