# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

ACQIS LLC,

               Plaintiff,

v.

DELL INC.; HEWLETT-PACKARD CO.;
INTERNATIONAL BUSINESS MACHINES
CORP. and ORACLE AMERICA, INC.,

               Defendants.

Case No. 6:09-00148-LED
**Jury Trial Demanded**


**REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' THIRD-PARTY
WITNESSES AND EVIDENCE PURSUANT TO FED. R. CIV. P. 37(b)**

## I.     INTRODUCTION

The Defendants do not dispute any of the key facts underlying ACQIS's Motion for Sanctions, including that they (1) withheld 3000+ pages of documents concerning third-party prior-art evidence, (2) hid payments and business relationships with their third-party prior-art witnesses, and (3) failed to disclose the identities of numerous witnesses with knowledge relating to prior-art and prior art searching.

In their defense, Defendants argue that (1) they had no obligation to produce the 3000+ pages of documents; (2) ACQIS suffered little prejudice; and (3) HP should be sanctioned, but not the rest of the Defendants.  All of these arguments fall short.

As to the first defense, the Discovery Order obligated the Defendants to produce the 3000+ pages of documents in a timely manner—not three weeks after the close of fact discovery. (D.I. 154 ¶ 2(B).)  Additionally, almost a year ago, ACQIS specifically requested production of these types of documents.  (Armon Decl. Exs. A-D at ¶ 38; Exs. E-H at ¶ 22.)

As to the second defense, the evidence before the Court demonstrates the severity of the unfair prejudice ACQIS has suffered.  ACQIS could not fully explore bias of witnesses whom the Defendants now admit are critical to their invalidity case because Defendants withheld the necessary documents.  Exploring bias at trial is no substitute for exploring bias during a deposition.  And Defendants' opposition brief heightens ACQIS' prejudice by including declarations containing entirely new facts from (1) witnesses who were never disclosed and (2) from Defendants' "key" invalidity trial witnesses.

As to the third defense, the Defendants jointly cultivated relationships with the third-party witnesses, jointly developed invalidity evidence, and jointly submitted a single invalidity expert report, so they should be jointly sanctioned.  Solely sanctioning HP would allow the other Defendants to benefit from the discovery misconduct of the joint defense group.

## II.   ARGUMENT

### A.   The Defendants Cannot Refute The Key Facts Underlying ACQIS' Motion

The Defendants argue that they were not obligated to earlier produce the 3000+ pages of documents because ACQIS did not specifically request production.  That argument fails for two reasons.  First, the Defendants were required to produce all relevant documents in accordance with the Local Rules and this Court's Order.  (Local Rule X and D.I. 154 ¶ 2(B).)  Second, nearly a year ago, ACQIS specifically requested production of these types of documents:

> [Documents/Email] relating to any searches, analyses, or evaluations performed by or for the Defendant or any other person or entity relating to the subject matter of any Patent-in-Suit, including any analysis of validity, infringement, enforceability, potential damages, or potential settlement values.

(Armon Decl. Exs. A-D at ¶ 38; Exs. E-H at ¶ 22.)

### B.   The Defendants' Opposition Confirms and Heightens ACQIS' Prejudice

The Defendants admit that the third-party prior-art evidence is crucial to their invalidity case.  (D.I. 389 at 1.)  This admission confirms the depth of unfair prejudice that ACQIS is suffering.   Defendants' discovery misconduct prevented ACQIS from obtaining relevant information concerning the bias of highly important trial witnesses who are listed in Defendants' trial witness list.  The documents withheld by Defendants go to the heart of their invalidity case.

In addition, the new declarations offered by the Defendants further heighten the unfair prejudice ACQIS is experiencing.  For example, the declarations of Derek Cockerton and Diane Kolonko offer new facts concerning the nature and extent of the commercial relationship between HP and third party Kognitio.  (*See* D.I. 389, Cockerton and Kolonko Declarations.) Neither of these witnesses was disclosed in Defendants' Rule 26 Disclosures—their roles were only revealed in the 3000+ pages of withheld documents.  It is unfair for the Defendants to offer

these declarations after hiding the identities of Mr. Cockerton and Ms. Kolonko until the close of discovery.

Defendants also include new facts concerning the business relationship between third party Kognitio and HP in a declaration from Roger Gaskell—one of the individuals who Defendants admit is a key trial witness.  At this juncture, ACQIS cannot meaningfully rebut any fact-based assertion Mr. Gaskell makes.   Had Defendants produced the 3000+ pages of documents in a timely manner, these new facts could have been explored during depositions.

The Defendants continue to pretend that the third-party witnesses are independent and unbiased, but the facts suggest otherwise.  Without the benefit of the 3000+ pages of improperly-withheld documents, ACQIS was only able to scratch the surface concerning the Defendants' relationships.  Even so, the information it learned was deeply troubling.  For example, Roger Gaskell admitted that he was heavily coached concerning which structures and functions in the prior art systems he should highlight during his testimony.  (Ex. I, Gaskell Tr. at 139:18-140:23.) And tellingly, Mr. Gaskell and the other prior-art witnesses were intimately familiar with, and ready to point out, dozens of structures in each product that had Bates numbers affixed to them prior to deposition.  It is highly unlikely that Defendants could have elicited such testimony without heavy pre-deposition coaching.  Even the limited information ACQIS uncovered during depositions demonstrates that the third-party witnesses are hired guns.  Had the 3000+ pages of documents been timely produced, depositions could have elicited complete deposition testimony regarding witness coaching and bias showing the third-party witnesses to be hired guns.  Trying to fully expose these issues at trial is no substitute for meaningful depositions.  For example, ACQIS lacks effective control mechanisms for impeaching the third-party witnesses at trial.

The case law Defendants cite in their opposition brief fails to address whether a court should bar witnesses from testifying under these circumstances.  (*See* Opposition, footnote 3.) The issue here is Defendants' discovery misconduct in withholding documents.  That misconduct justifies excluding testimony and evidence from affected third-party witnesses.  *Juniper Networks, Inc. v. Toshiba Am., Inc.*, No. 2:05-CV-479, 2007 WL 2021776, at *2 (E.D. Tex. July 11, 2007) (citations omitted) ("Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders.  This court may bar the disobedient party from introducing evidence . . .").

### C.    The Offer To Re-Open Discovery Was Too Late And Illusory

Federal Rule 37(c) places the burden of curing prejudice associated with discovery misconduct on the wrongdoer.  *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010).  The Defendants' proposal for ameliorating the effects of their misconduct—reopening discovery to allow ACQIS to re-depose at least thirteen third-party witnesses—was an unworkable proposition.  Re-deposing the thirteen or more witnesses would have prevented ACQIS from timely completing expert reports, seriously hindered dispositive motion and trial preparation, and likely necessitated delaying the February trial.  In other words, reopening discovery would compound ACQIS' prejudice rather than mitigate it.  Additionally, many of the witnesses live in England and are outside the subpoena power of this Court.  The Defendants never indicated that they could guarantee that any of the third-party witnesses—foreign or domestic—would agree to re-sit for depositions.  So even if discovery *was* reopened, it is unclear whether re-depositions would have occurred.

Furthermore, the Defendants' proposal to re-open discovery did not address the prejudice associated with their failure to disclose at least a dozen witnesses who possess knowledge concerning Defendants' prior art searching and the prior art itself.  The Defendants never offered

to allow ACQIS to depose these individuals.  Even if such an offer was made, taking as many as a dozen additional depositions after the close of fact discovery would have further derailed ACQIS' work on expert reports, dispositive motions, and trial preparation.

### D.    The Defendants Worked As A Team; None Should Escape Sanctions

The Defendants mounted a single, unified invalidity case against ACQIS.  They shared expenses relating to the prior-art witnesses, served joint invalidity contentions, shared their invalidity expert, and served a joint invalidity expert report.  They cannot claim that only HP is responsible for the discovery misconduct ACQIS uncovered.  (*See* Ex. J (showing cooperation and shared payments by IBM and HP for work performed by the Seven Pinnacles prior art search firm).)  HP signed a binding memorandum of understanding and settled with ACQIS shortly after the sanctions motion was filed, so it is convenient for the remaining Defendants to throw HP under the bus.  (*See* Ex. K.)  But the fact remains that the Defendants worked together as a group to jointly develop their invalidity case, and they are now jointly responsible for the misconduct.  Anything less than a group sanction would let the remaining Defendants benefit from the joint defense group's discovery misconduct.[1]

## III.    CONCLUSION

The Defendants knowingly and intentionally withheld 3000+ pages of highly relevant documents to gain an unfair trial advantage, and in doing so, violated the Federal Rules, Local Rules, and the Discovery Order.  The Court should exclude the affected third-party witness deposition testimony, and bar the witnesses from testifying at trial or otherwise providing any evidence in this litigation.

---

[1] Defendants refused to produce their Joint Defense Group agreement or provide a log with the communications between the Joint Defense Group.  (*See* Ex. L.)  Defendants cannot now contest that they jointly developed common invalidity defenses, or that each of the defendants was aware and involved in the decision to withhold documents.

Dated:  November 22, 2010                    Respectfully submitted,

                                             _/s/  Wayne O. Stacy_____

                                             George E. Chandler
                                             CHANDLER LAW OFFICES
                                             207 E. Frank St., Ste 105
                                             Lufkin, TX  75901-0340

                                             James P. Brogan
                                             Carolyn V. Juarez
                                             Ann Marie Byers
                                             COOLEY LLP
                                             380 Interlocken Crescent, Ste. 900
                                             Broomfield, CO  80021-8023
                                             Telephone:     (720) 566-4000
                                             Facsimile:     (720) 566-4099

                                             Thomas J. Friel, Jr.
                                             COOLEY LLP
                                             101 California Street, 5th Floor
                                             San Francisco, CA  94111-5800
                                             Telephone:     (415) 693-2000
                                             Facsimile:     (415) 693-2222

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, **THIS REPLY IN SUPPORT OF MOTION TO BAR DEFENDANTS' THIRD PARTY WITNESSES AND EVIDENCE PURSUANT TO FED. R. CIV. P. 37(b)** was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on November 22, 2010.  Additionally, copies of the sealed documents were served electronically on the following counsel:

| Dell Inc. | Christopher R. Benson<br>Michael C. Barrett<br>Sarah R. Holland<br>Fulbright & Jaworski<br>600 Congress, Suite 2400<br>Austin, TX 78701<br>*cbenson@fulbright.com*<br>*mbarrett@fulbright.com*<br>*sholland@fulbright.com*<br>*dell-acqis@fulbright.com* |
|---|---|

| | |
|---|---|
| **Hewlett-Packard Co.** | Robert T. Haslam<br>Jennifer Chen<br>Anupam Sharma<br>Holly B. Baudler<br>Covington & Burling LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>*rhaslam@cov.com*<br>*jchen@cov.com*<br>*asharma@cov.com*<br>*hbaudler@cov.com*<br>*hp_acqis@cov.com*<br><br>L.J. Chris Martiniak<br>Michael Plimack<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111<br>*cmartiniak@cov.com*<br>*mplimack@cov.com*<br><br>Jennifer Parker Ainsworth<br>Wilson, Robertson & Cornelius, P.C.<br>One American Center<br>909 ESE Loop 323, Suite 400<br>P.O. Box 7339 [Zip: 75711]<br>Tyler, TX 75701<br>*jainsworth@wilsonlawfirm.com* |

| **International Business Machines Corp.** | Robert W. Stone<br>Michael D. Powell<br>Quinn Emanuel<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA  94065<br>*robertstone@quinnemanuel.com*<br>*mikepowell@quinnemanuel.com*<br>*sandramontoya@quinnemanuel.com*<br><br>Charles K. Verhoeven<br>Quinn Emanuel<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>*charlesverhoeven@quinnemanuel.com*<br><br>Eric M. Albritton<br>Adam A. Biggs<br>Albritton Law Firm<br>P.O. Box 2649<br>Longview, TX 75606<br>*ema@emafirm.com*<br>*aab@emafirm.com* |
| --- | --- |
| **Oracle America, Inc.,**<br><br>**f/k/a Sun Microsystems, Inc.** | Brian K. Erickson<br>John M. Guaragna<br>Aaron G. Fountain<br>DLA Piper LLP<br>401 Congress Avenue, Suite 2500<br>Austin, TX 78701-3799<br>*brian.erickson@dlapiper.com*<br>*john.guaragna@dlapiper.com*<br>*aaron.fountain@dlapiper.com*<br>*Sun@dlapiper.com*<br><br>Mark D. Fowler<br>Andrew Valentine<br>Alan Limbach<br>DLA Piper LLP<br>2000 University Avenue<br>East Palo Alto, CA 94303<br>*mark.fowler@dlapiper.com*<br>*andrew.valentine@dlapiper.com*<br>*alan.limbach@dlapiper.com* |

/s/  Wayne O. Stacy

## CERTIFICATE OF AUTHORIZATION TO SEAL DOCUMENTS

I certify that on November 3, 2009, this Court entered a Protective Order (D.I. #180), which allows for the filing of the attached documents under seal.

898140 v6/HN