# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ACQIS LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION No. 6:09-CV-148-LED** |
| v. | § | |
| | § | |
| **APPRO INTERNATIONAL, INC.,** | § | |
| **et al.** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**SUR-REPLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO ACQIS'S MOTION TO BAR DEFENDANTS' THIRD-PARTY WITNESSES AND EVIDENCE PURSUANT TO FED. R. CIV. P. 37(b)**

00889.51517/3813442.1

## I.      INTRODUCTION

Notwithstanding Acqis's statement to the contrary, defendants do indeed dispute what Acqis identifies as the "key facts" underlying its motion.  Acqis Reply at 1.  First, the 3000+ pages of third-party email communications were not "withheld" and, in fact, were promptly produced upon request.  Second, defendants' reimbursement of out-of-pocket expenses and payment of reasonable compensation to certain fact witnesses was not hidden from anyone, and Acqis, in fact, took discovery on these matters during the depositions that were noticed by the defendants.  Third, defendants were under no obligation to identify on their Federal Rule of Civil Procedure initial disclosures ("Rule 26 disclosures") any of the "numerous" witnesses Acqis claims were concealed by the defendants.

For the reasons set forth here and in defendants' opposition, Acqis's Motion to Bar Defendants' Third-Party Witnesses and Evidence must fail.

## II.     SANCTIONS ARE NOT WARRANTED BECAUSE DEFENDANTS HAVE COMPLIED WITH THEIR DISCOVERY OBLIGATIONS

In its sanctions motion, Acqis identifies two allegedly sanctionable actions by defendants: (1) non-production of post-filing communications with third-party witnesses; and (2) non-identification of some twelve individuals on any of the defendants' respective Rule 26 disclosures.  As to the former, the Court's Discovery Order provides that "should a party believe that certain relevant documents have not been produced, that party may request said documents by letter."  Dkt. No. 154 at 9.  This is precisely what happened here, and defendants promptly complied with each of Acqis's letter requests for documents.  This conduct, therefore, is completely proper and not sanctionable.  As to the latter, Rule 26 only requires that a party identify individuals "the disclosing party may use to support its claims or defenses."  Because no defendant intends to use any of the twelve so-called "hidden" witnesses to support its claims or defenses, defendants were under no obligation to identify these witnesses on their Rule 26 disclosures.

III.    **ACQIS FIRST REQUESTED THE THIRD-PARTY COMMUNICATIONS IN SEPTEMBER 2010 AND THEY WERE PROMPTLY PRODUCED**

In its reply, Acqis argues that Request No. 38 in its September 30, 2009, document request letter calls for the third-party witness communications at issue.  The third-party witness communications, however, are not even responsive to this "document request."  Request No. 38 (Armon Decl. Exs. A-D) is directed to "*searches, analyses, or evaluations* relating to the subject matter of any Patent-in-Suit." (emphasis added)[1] . S The third-party communications at issue do not fall within the scope of this request.

IV.    **ACQIS FLATLY REJECTED DEFENDANTS' REASONABLE OFFER TO REOPEN DISCOVERY**

In its reply, Acqis asserts that defendants' offer to reopen discovery was too late and illusory.  Acqis Reply at 4.[2]  Acqis's assertion is belied by several facts.

First, there is no evidence to suggest that Acqis would need to re-depose thirteen witnesses.  *Id.*  In its opening brief, Acqis only identifies three witnesses that it believes warrant

---

[1]   Acqis misleads the Court by pointing to Request No. 22 in its February 2, 2010, correspondence to each defendant (Armon Decl. Exs. E-H) as a proper request for "email" production.  Each defendant rejected Acqis's February 2, 2010, letter and subsequently reached an agreement with Acqis concerning a protocol for email discovery.  *See*, *e.g.*, Exs. 13 & 14 [Letters Confirming IBM's Agreement]; Exs. 15 & 16 [Letters Confirming Oracle's Agreement].  Under these agreements, a limited number of custodians were identified and agreed search terms were used to collect a group of potentially relevant email communications.  None of the third-party witnesses and no defense counsel were ever identified as email custodians.  Therefore, Acqis's reliance on the February 2, 2010, letter is misplaced and should be disregarded.  Nevertheless, Request No. 22 in that letter is likewise directed to "searches, analyses, or evaluations relating to the subject matter of any Patent-in-Suit" and therefore not applicable to the third-party communications that are the subject of this motion.

[2]   Acqis cites to *Bailey v. Shell Western E&P, Inc.,* 609 F.3d 710, 729 (5th Cir. 2010) for the proposition that "Federal Rule 37(c) places the burden of curing prejudice associated with discovery misconduct on the wrongdoer."  Acqis Reply at 4.  The cited portion of *Bailey* does not support Acqis's assertion.  In fact, the only discussion of Rule 37 is the following:  "*Rule 37* provides in relevant party that a party who fails to disclose information under *Rule 26* 'shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion, any witness or information not so disclosed.'"  *Id.*

further discovery—Roger Gaskell[3], Cheryl Smith, and Vince Conroy.  Thus, Acqis's claim that expert discovery and trial would have needed to be delayed is not supportable.  Second, while Acqis asserts defendants' offer was illusory, Acqis never even ***attempted*** to schedule any additional depositions so it should not now be heard to complain.  Third, although Acqis contends that defendants' proposal to reopen discovery would not have addressed the "prejudice associated with their failure to disclose at least a dozen witnesses who possess knowledge concerning Defendants' prior art searching and the prior art itself," defendants, as explained above, were never under any obligation to identify these witnesses—many of whom, as defendants have shown, lack any relevant knowledge whatsoever.  Defs. Opp. at 11-13.

Had Acqis truly been interested in taking additional discovery in view of the third-party witness communications, it had sufficient time to do so.  Moreover, Acqis's own discovery conduct—not subpoenaing any third-party witnesses and waiting until the last minute to request third-party witness communications from defense counsel—is actually to blame for much of the alleged "prejudice" it now contends was caused by the defendants.

## V.   DFENDANTS' DISCOVERY CONDUCT IS CONSISTENT WITH ACQIS'S DISCOVERY CONDUCT

Notably absent from Acqis's reply brief is any rebuttal whatsoever concerning Acqis's own non-production of third-party communications and its own non-identification of witnesses on its Rule 26 disclosures.  *See* Defs. Opp. at 3.  In addition to the non-production of any

---

[3] For the first time in its reply, Acqis asserts that Mr. Gaskell "admitted that he was heavily coached concerning which structures and functions in the prior art systems he should highlight during his testimony."  Acqis Reply at 3.[3]  However, even a cursory review of the cited deposition testimony shows that Acqis is yet again reaching well beyond what the evidence suggests and underscores that Acqis had the opportunity to take the very discovery it now says it was prevented from obtaining. (See Armon Decl., Ex. 1.)  Acqis also states without any citation to evidence that "Mr. Gaskell and the other prior-art witnesses were intimately familiar with, and ready to point out, dozens of structures in each product that had Bates numbers affixed to them prior to deposition.  It is highly unlikely that Defendants could have elicited such testimony without heavy pre-deposition coaching."  Acqis Reply at 3.  Such rank speculation has no place in legitimate law and motion matters and should be disregarded.

scheduling communications regarding the more than forty third-party customer depositions noticed by Acqis, Acqis did not produce email communications with Steven Lin of Cirrus Logic (which emails were later produced by Cirrus Logic in response to an IBM subpoena) nor did it identify Mr. Lin or Cirrus Logic on its Rule 26 disclosures.  *Id*. at Fn. 1; see also Ex. 17 [Acqis's Second Supplemental Initial Disclosures].  Acqis should not be permitted to hold defendants to a standard that it did not meet.

## VI.     NO DEFENDANT SHOULD BE SANCTIONED—PARTICULARLY NOT DELL, IBM OR ORACLE, THE ONLY REMAINING DEFENDANTS

Acqis wrongly states that the defendants argue "that HP should be sanctioned."  Acqis Reply at 1.  Rather, in their opposition, defendants merely footnoted the unsurprising legal principal that one party should not suffer for another party's wrongdoing.  Defs. Opp. at 5, Fn. 2. To be clear, defendants believe Acqis has shown absolutely no discovery misconduct by any party.  Nonetheless, because Acqis's unfounded accusations are directed solely to conduct by HP and its counsel, defendants believe that were any misconduct found by the Court, any resulting sanctions would need to be tailored accordingly.  Nowhere in its motion does Acqis target any actions of Dell, IBM, Oracle, or their respective counsel.  Therefore, a draconian sanction precluding Dell, IBM and Oracle from presenting testimony from the prior art witnesses at trial or in support of summary judgment would be extremely unfair.

## VIII.  CONCLUSION

For the foregoing reasons, Acqis's request for sanctions should be denied.

DATED:   December 2, 2010

                                        Respectfully submitted,

                                         */s/ Michael D. Powell*

Robert W. Stone (CA SBN 163513)
Michael D. Powell (CA SBN 202850)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
robertstone@quinnemanuel.com
mikepowell@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801 5000
Facsimile:     (650) 801 5100


Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com

*Counsel for International Business
Machines Corp.*

DATED:   December 2, 2010

                               */s/ John M. Guaragna*
John M. Guaragna (Bar No. 24043308)
Brian Erickson (Bar No. 24012594)
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: (512) 457.7000
Fax: (512) 457.7001

Mark Fowler (*pro hac vice*)
Alan A. Limbach (*pro hac vice*)
Andrew Valentine (*pro hac vice*)
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833-2000
Facsimile: (650) 833-2001

*Counsel for Oracle America, Inc.*

DATED: December 2, 2010      By: /s/ Michael C. Barrett
Christopher R. Benson – Lead Attorney
State Bar No. 02164020
Michael C. Barrett – Lead Attorney
State Bar No. 24006803
FULBRIGHT & JAWORSKI LLP
600 Congress Avenue, Suite 2400
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
cbenson@fulbright.com
mbarrett@fulbright.com
COUNSEL FOR DEFENDANT DELL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of **SUR-REPLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO ACQIS'S MOTION TO BAR DEFENDANTS' THIRD-PARTY WITNESSES AND EVIDENCE PURSUANT TO FED. R. CIV. P. 37(b)** was served on counsel via e-mail in compliance with Local Rule CV-5(a) on this the 2nd day of December, 2010.


 _/s/ Michael D. Powell_____
Counsel for IBM