**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ACQIS LLC, | |
| Plaintiff, | |
| v. | Case No. 6:09-00148-LED |
| | **Jury Trial Demanded** |
| DELL INC.; HEWLETT-PACKARD CO.; INTERNATIONAL BUSINESS MACHINES CORP.; and ORACLE AMERICA, INC. | |
| Defendants. | |

**PLAINTIFF'S REBUTTAL WITNESS LIST AND**
**OBJECTIONS TO DEFENDANT IBM'S WITNESS LIST**

Plaintiff ACQIS LLC ("ACQIS") submits the following rebuttal witness list and objections to Defendant International Business Machines Corp. ("IBM") witness list pursuant to the Court's July 2, 2010, Order Modifying Docket Control Order (D.I. 289).

**A.     Rebuttal Witnesses**

ACQIS reserves the right to call at trial, as a rebuttal or impeachment witness, any of the witnesses listed on ACQIS's November 28, 2010 witness list, on any other party's trial witness list, in ACQIS's or any other party's initial disclosures, as amended and/or supplemented, or any other witness, either in person or by way of a deposition.

**B.     General Objections**

**1.**     ACQIS reserves the right to object on any grounds to any witness at trial and/or to deposition designations.

2.      ACQIS objects to IBM's calling any witness who cannot confirm that his or her files and computer records were searched in full for relevant information prior to the close of discovery.

3.      ACQIS objects in general to IBM's witness list due to the fact that it has an inordinate amount of its own witnesses listed as "may call," preventing ACQIS from being able to fully prepare for trial.

4.      ACQIS objects to any attempt by IBM to circumvent its discovery obligations by substituting a new witness for subjects included within ACQIS's 30(b)(6) topics for which IBM previously designated a different witness (or witnesses).  Notably, while IBM has listed several infringement, validity, and damages witnesses who were never designated as 30(b)(6) witnesses on those topics as "may call," IBM has chosen to list some of its designated 30(b)(6) witnesses for those topics as "probably will not call."  IBM designated many different witnesses for technical topics, each limited to a narrow product subset.  They now are listing many of those witnesses as "probably will not call" and substituting in seven new witnesses whom were never designated on those topics.  ACQIS would be highly prejudiced if IBM is allowed to substitute new witnesses at this late juncture for any previously-noticed 30(b)(6) topics.

5.      ACQIS objects to IBM's introducing any testimony, the subject matter of which falls under any of the 30(b)(6) deposition notices ACQIS served in this matter, but for which false, uninformed or no information was disclosed by IBM's 30(b)(6) witnesses.

6.      ACQIS objects to IBM's introducing any testimony which relies on or refers to evidence not produced prior to the close of fact discovery.  Fed. R. Civ. P. 37(c)(1).

7.      ACQIS objects to IBM's introducing testimony relying on or referring to constructions that contradict the Court's claim constructions or construe claim terms that the Court did not construe.  All testimony referencing construed claims must be limited to the definitions adopted by the Court.

8.      ACQIS objects to IBM's introducing any testimony attempting to argue or relying on the argument that practicing the prior art is a defense to infringement.

9.      ACQIS objects to IBM's introducing any testimony regarding the validity of the patents-in-suit, which relies on or refers to prior art references not cited in the Defendants' March 3, 2010 Amended Invalidity Contentions as restricted by the Court's July 20, 2010 Order. P.R. 3-3.

10.      ACQIS objects to IBM's introducing any testimony from witnesses subject to ACQIS's pending motion to bar third-party witnesses (D.I. 368-369).

11.      ACQIS objects to IBM's introducing any testimony from witnesses whose relationship with any of the Defendants (and details thereof) has not been disclosed in its entirety.

12.      ACQIS objects to IBM's introducing any testimony to prove damages that refers to or relies on evidence of ACQIS's prior settlement agreements as well as any evidence of offers to settle or settlement negotiations.  FRE 408.

13.      ACQIS objects to IBM's offering any testimony related to or referring to ACQIS's standing in this matter.

C.      **Specific Objections**

| IBM WITNESS | IBM'S DESIGNATION | | | ACQIS' OBJECTION |
| --- | --- | --- | --- | --- |
| | WILL CALL | MAY CALL | PROBABLY NOT | |
| Michelle Baumgartner-Bonanno IBM Damages | X | | | See General Objections. |
| Dr. Thomas Conte IBM Expert re noninfringement | X | | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Dr. Conte's being called to testify to the extent his expert testimony will go beyond matters that are not contained in the body of his expert report or incorporated by reference therein.  ACQIS also objects to Dr. Conte's being called to testify where IBM's expert witnesses have failed to apply the claims in the same manner for infringement and validity. |
| Bill Holland IBM Noninfringement, invalidity | X | | | See General Objections. |

| | | | | |
|---|---|---|---|---|
| Dr. Robert McClure<br>IBM<br>Expert re invalidity | X | | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Dr. McClure's being called to testify to the extent his expert testimony will go beyond matters that are not contained in the body of his expert report or incorporated by reference therein.  Further, ACQIS objects to Dr. McClure testifying about, referring to or relying on any prior art that was not asserted in Defendants' March 3, 2010 Amended Invalidity Contentions as restricted by the Court's July 20, 2010 Order.  ACQIS also objects to Dr. McClure's being called to testify where IBM's expert witnesses have failed to apply the claims in the same manner for infringement and validity. |
| Alan Ratliff<br>IBM<br>Expert re damages | X | | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Mr. Ratliff's being called to testify to the extent his expert testimony will go beyond matters that are not contained in the body of his expert report or incorporated by reference therein. |
| Alex Yost<br>IBM<br>Damages, noninfringement | X | | | See General Objections. |
| Roger Gaskell<br>Kognitio<br>Invalidity | X | | | See General Objections. |
| Lawrence Genovesi<br>Terascala, Inc.<br>Invalidity | X | | | See General Objections. |

| | | | | |
|---|---|---|---|---|
| Jim Mederios<br>Seven Pinnacles<br>Invalidity | X | | | See General Objections. |
| Walter Otto<br>IBM<br>Invalidity | X | | | See General Objections. |
| Vince Conroy<br>CTO FusionStorm<br>Invalidity | X | | | See General Objections. |
| Alan Pocrass<br>Plexcom<br>Invalidity | X | | | See General Objections. |
| David Champion<br>IBM<br>Noninfringement,<br>invalidity | | X | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Mr. Champion's being called to testify because Mr. Champion was not designated to provide testimony for the 30(b)(6) depositions topics relating to infringement or validity.  If Mr. Champion is allowed to testify, he should be precluded from offering any testimony on subject matter which falls under the 30(b)(6) deposition subjects for which another witness was designated.  ACQIS objects to IBM substituting new witnesses for any previously noticed 30(b)(6) topics. |
| Yiu-Fai Chan<br>ACQIS<br>Invalidity, standing,<br>damages | | X | | See General Objections. |

| | | | | |
|---|---|---|---|---|
| Theresa Chu<br>ACQIS<br>Damages, standing, laches | | X | | See General Objections. |
| David Chen<br>Tensilica, Inc.<br>Invalidity, standing | | X | | See General Objections. |
| Martin Crippen<br>IBM<br>Noninfringement, invalidity | | X | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Mr. Crippen's being called to testify because Mr. Crippen was not designated to provide testimony for the 30(b)(6) depositions topics relating to infringement or validity.  If Mr. Crippen is allowed to testify, he should be precluded from offering any testimony on subject matter which falls under the 30(b)(6) deposition subjects for which another witness was designated.  ACQIS objects to IBM substituting new witnesses for any previously noticed 30(b)(6) topics. |
| Elmootazbellah (Mootaz) Elnozahy<br>IBM<br>Noninfringement, invalidity | | X | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Mr. Elnozahy's being called to testify because Mr. Elnozahy was not designated to provide testimony for the 30(b)(6) depositions topics relating to infringement or validity.  If Mr. Elnozahy is allowed to testify, he should be precluded from offering any testimony on subject matter which falls under the 30(b)(6) deposition subjects for which another witness was designated.  ACQIS objects to IBM substituting new witnesses for any previously noticed 30(b)(6) topics. |

7.

| | | X | | |
|---|---|---|---|---|
| Lawrence Forsley<br>JWK Corp.<br>Invalidity | | X | | See General Objections. |
| Paul Groom<br>Kognitio<br>Invalidity | | X | | See General Objections. |
| Steven Hunter<br>IBM<br>Noninfringement,<br>invalidity | | X | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Mr. Hunter's being called to testify because Mr. Hunter was not designated to provide testimony for the 30(b)(6) depositions topics relating to infringement or validity.  If Mr. Hunter is allowed to testify, he should be precluded from offering any testimony on subject matter which falls under the 30(b)(6) deposition subjects for which another witness was designated.  ACQIS objects to IBM substituting new witnesses for any previously noticed 30(b)(6) topics. |
| Hance Huston<br>IBM<br>Damages | | X | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Mr. Huston's being called to testify because Mr. Huston was not designated to provide testimony for the 30(b)(6) depositions topics relating to damages.  If Mr. Huston is allowed to testify, he should be precluded from offering any testimony on subject matter which falls under the 30(b)(6) deposition subjects for which another witness was designated.  ACQIS objects to IBM substituting new witnesses for any previously noticed 30(b)(6) topics. |
| Guy Irving<br>Arrow Electronics<br>Invalidity | | X | | |

| | | | | |
|---|---|---|---|---|
| Tom Jeremiah<br>IBM<br>Nonfrinigement,<br>invalidity | | X | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Mr. Jeremiah's being called to testify because Mr. Jeremiah was not designated to provide testimony for the 30(b)(6) depositions topics relating to infringement or validity.  If Mr. Jeremiah is allowed to testify, he should be precluded from offering any testimony on subject matter which falls under the 30(b)(6) deposition subjects for which another witness was designated.  ACQIS objects to IBM substituting new witnesses for any previously noticed 30(b)(6) topics. |
| Steven Lin<br>Cirrus Logic, Inc.<br>Standing | | X | | See General Objections. |
| Kenneth Ocheltree<br>IBM<br>Noninfringement,<br>laches | | X | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Mr. Ocheltree's being called to testify because Mr. Ocheltree was not designated to provide testimony for the 30(b)(6) depositions topics relating to infringement or laches.  If Mr. Ocheltree is allowed to testify, he should be precluded from offering any testimony on subject matter which falls under the 30(b)(6) deposition subjects for which another witness was designated.  ACQIS objects to IBM substituting new witnesses for any previously noticed 30(b)(6) topics. |
| Dr. William<br>Mangione-Smith<br>ACQIS<br>Invalidity,<br>Noninfringement | | X | | See General Objections. |

| | | | | |
|---|---|---|---|---|
| Andrew McLaughlin<br>IBM<br>Damages,<br>noninfringement | | X | | See General Objections. |
| Cynthia Seal (aka<br>Cynthia Byrd)<br>IBM<br>Willfulness | | X | | See General Objections. |
| Cheryl Smith<br>Terascala, Inc.<br>Invalidity | | X | | See General Objections. |
| Theodore J. Will<br>IBM<br>Noninfringement,<br>damages | | X | | See General Objections. |
| Doug Erickson<br>IBM<br>Damages | | X | | See General Objections. |
| Mike Scollard<br>IBM<br>Noninfringement | | X | | See General Objections. |

| | | | | |
|---|---|---|---|---|
| Michelle Browdy<br>IBM<br>Willfulness | | X | | Subject to and without waiving the foregoing general objections, ACQIS further objects to Ms. Browdy's being called to testify because Ms. Browdy was not included in any of IBM's initial disclosures, nor was she designated to provide testimony for the 30(b)(6) depositions topics relating to willfulness.  If Ms. Browdy is allowed to testify, she should be precluded from offering any testimony on subject matter which falls under the 30(b)(6) deposition subjects for which another witness was designated.  ACQIS objects to IBM substituting new witnesses for any previously noticed 30(b)(6) topics. |
| David Quinto<br>Quinn Emanuel<br>Urquhart & Sullivan,<br>LLP<br>Willfulness | | X | | See General Objections. |
| Evan Griffith<br>IBM<br>Damages | | X | | See General Objections. |
| Tony Man<br>ACQIS<br>Noninfringement,<br>invalidity, standing,<br>damages | | X | | See General Objections. |
| Thomas Gafford<br>ACQIS<br>Expert re<br>Infringement,<br>invalidity | | X | | See General Objections. |

| | | | | |
|---|---|---|---|---|
| Dr. Christopher Vellturo<br>ACQIS<br>Expert re damages | | X | | See General Objections. |
| Emmett Murtha<br>ACQIS<br>Damages | | X | | See General Objections. |
| Douglas DeVivo<br>ACQIS<br>Noninfringement, invalidity, willfulness, standing, damages | | X | | See General Objections. |
| William W.Y. Chu<br>ACQIS<br>Noninfringement, invalidity, willfulness, standing, damages, laches | | X | | See General Objections. |
| Maurice Bland<br>IBM<br>Noninfringement | | X | | See General Objections. |
| Dhruv Desai<br>IBM<br>Noninfringement, invalidity | | X | | See General Objections. |

| | | | |
|---|---|---|---|
| Botond Kiss<br>IBM<br>Damages | | X | | See General Objections. |
| Christopher West<br>IBM<br>Noninfringement | | X | | See General Objections. |
| David Cosby<br>IBM<br>Noninfringement | | | X | See General Objections. |
| Ed Suffern<br>IBM<br>Noninfringement | | | X | See General Objections. |
| Ron Billau<br>IBM<br>Noninfringement | | | X | See General Objections. |
| Steve Hartman<br>IBM<br>Noninfringement | | | X | See General Objections. |
| Mike Hackworth<br>Cirrus Logic, Inc.<br>Standing | | | X | See General Objections. |
| Steven Packer<br>Previously employed<br>at Intel Corp.<br>Invalidity, standing | | | X | See General Objections. |

13.

| | | | | |
|---|---|---|---|---|
| James Akiyama<br>Intel Corp.<br>Invalidity, standing | | | X | See General Objections. |
| Lisa Sokol<br>IBM<br>Invalidity | | | X | See General Objections. |
| Hewlett-Packard<br>Damages | | | X | See General Objections. |
| Dell Inc.<br>Damages | | | X | See General Objections. |
| Oracle America, Inc.<br>Damages | | | X | See General Objections. |
| Appro International,<br>Inc.<br>Damages | | | X | See General Objections. |
| Clearcube, Inc.<br>Damages | | | X | See General Objections. |
| Fujitsu America, Inc.<br>Damages | | | X | See General Objections. |
| NEX Computers, Inc.<br>Damages | | | X | See General Objections. |
| Super Micro<br>Computer, Inc.<br>Damages | | | X | See General Objections. |

| | | | | |
|---|---|---|---|---|
| Hitachi America, Ltd. Damages | | | X | See General Objections. |
| NEC Corp. of America Damages | | | X | See General Objections. |
| Walmart Damages, noninfringement | | | X | See General Objections. |

Dated:  December 3, 2010                  Respectfully submitted,


                                          ___/s/Case Collard_____

                                          George E. Chandler
                                          CHANDLER LAW OFFICES
                                          207 E. Frank St., Ste 105
                                          Lufkin, TX  75901-0340

                                          James P. Brogan
                                          Carolyn V. Juarez
                                          Ann Marie Byers
                                          Wayne O. Stacy
                                          Sarah J. Guske
                                          Orion Armon
                                          Eamonn Gardner
                                          Jeffrey A. Smith
                                          Case Collard
                                          COOLEY LLP
                                          380 Interlocken Crescent, Ste. 900
                                          Broomfield, CO  80021-8023
                                          Telephone:     (720) 566-4000
                                          Facsimile:     (720) 566-4099

                                          Thomas J. Friel, Jr.
                                          COOLEY LLP
                                          101 California Street, 5th Floor
                                          San Francisco, CA  94111-5800
                                          Telephone:     (415) 693-2000
                                          Facsimile:     (415) 693-2222

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this **PLAINTIFF'S REBUTTAL WITNESS LIST AND OBJECTIONS TO DEFENDANT IBM'S WITNESS LIST** was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on December 3, 2010.


*/s/  Case Collard*


348359 v2/CO

**17.**