# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

ACQIS LLC,

          Plaintiff,

    v.

DELL INC.; HEWLETT-PACKARD CO.;
INTERNATIONAL BUSINESS MACHINES
CORP.; NEC CORP. OF AMERICA; and
ORACLE AMERICA, INC.

          Defendants.

Case No. 6:09-00148-LED

**Jury Trial Demanded**

## ACQIS'S MOTION FOR SUMMARY JUDGMENT ON IBM'S AND ORACLE AMERICA, INC.'S AFFIRMATIVE DEFENSES

**Table of Contents**

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF THE ISSUES TO BE DECIDED ....................................... 1

III.    STATEMENT OF UNDISPUTED FACTS ..................................................... 1

IV.     FACTUAL BACKGROUND ........................................................................... 1

V.      STANDARD OF LAW FOR SUMMARY JUDGMENT ............................... 2

VI.     ARGUMENT ................................................................................................... 3

        A.      ACQIS Is Entitled to Summary Judgment on Defendants' Laches
                Defenses ............................................................................................... 3

        B.      Standard of Law for Laches ................................................................. 3

        C.      The Defendants Lack Evidence Sufficient to Prevent Summary Judgment .......... 5

                1.      Defendants Are Not Entitled to a Presumption of Laches for Any
                        of the Patents-in-Suit ............................................................... 5

                2.      Summary Judgment Against IBM's Laches Defense Against Each
                        of the Patents-in-Suit Is Proper .............................................. 6

                        a.      IBM Failed to Present Evidence of Unreasonable Delay for
                                Each of the Patents-in-Suit .......................................... 6

                        b.      IBM Failed to Present Evidence of Economic Prejudice for
                                Each of the Patents-in-Suit .......................................... 7

                        c.      IBM Failed to Present Evidence of Evidentiary Prejudice
                                for Each of the Patents-in-Suit .................................... 7

                        d.      ACQIS Is Entitled to Summary Judgment on IBM's Laches
                                Defense Against Each of the Patents-in-Suit ............... 8

                3.      Summary Judgment Against Oracle's Laches Defense Against
                        Each of the Patents-in-Suit Is Proper ..................................... 9

                        a.      Oracle Failed to Present Evidence of Unreasonable Delay
                                for Each of the Patents-in-Suit .................................... 9

                        b.      Oracle Failed to Present Evidence of Economic Prejudice
                                for Each of the Patents-in-Suit .................................... 10

                        c.      Oracle Failed to Present Evidence of Evidentiary Prejudice
                                for Each of the Patents-in-Suit .................................... 11

                        d.      ACQIS Is Entitled to Summary Judgment on Oracle's
                                Laches Defense Against Each of the Patents-in-Suit ............ 12

**Table of Contents**
(continued)

D.    ACQIS Is Entitled to Summary Judgment on IBM's Equitable Estoppel Defense .................................................................................... 12

    1.    ACQIS Is Entitled to Summary Judgment Dismissing IBM's Equitable Estoppel Defense .................................................... 13

        a.    IBM Has Failed to Establish Any Misleading Conduct by ACQIS....................................................................................... 13

        b.    IBM Failed to Establish that it Relied on a Belief that ACQIS Would Not Sue.................................................................. 13

        c.    IBM Has Failed to Show That It Suffered Evidentiary or Economic Prejudice Resulting from Reliance ............................ 14

E.    ACQIS Is Entitled to Summary Judgment on IBM's Waiver Defense ............... 14

    1.    IBM's Waiver Defense Fails for a Complete Failure of Proof................ 14

F.    ACQIS Is Entitled to Summary Judgment on IBM's Defense Under 35 U.S.C. § 287.................................................................................... 15

    1.    IBM Failed to Raise a Genuine Issue of Material Fact for Its Affirmative Defense Under 35 U.S.C. § 287............................................ 15

    2.    IBM Failed to Provide Evidence to Support Its Affirmative Defense Under 35 U.S.C. § 287 for Each of the Patents-in-Suit............. 16

G.    ACQIS Is Entitled to Summary Judgment Dismissing Oracle's Government Sales Defense.................................................................... 17

    1.    Oracle's Infringement of ACQIS's Patents Was Not "by the United States"................................................................................. 17

    2.    Oracle's Infringement of ACQIS's Patents Was Not "for the United States." ......................................................................... 18

        a.    Oracle has no evidence that its accused products were offered for sale or sold "for the Government." ........................... 18

        b.    Oracle has no evidence that the Government authorized or consented to its infringement of the ACQIS patents .................. 19

H.    ACQIS Is Entitled to Summary Judgment Dismissing Defendants' 35 U.S.C. § 116 Defense.................................................................... 20

    1.    Oracle's Defense Under 35 U.S.C. § 116 Fails for a Complete Lack of Proof ........................................................................ 20

    2.    IBM's Inventorship Defense Fails for a Complete Lack of Proof.......... 21

VII.    CONCLUSION.......................................................................... 21

## TABLE OF AUTHORITIES

Page(s)

CASES

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.*,
    960 F.2d 1020 (Fed. Cir. 1992)...............................................................3, 4, 5, 6, 7, 9, 11, 12

*Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis*,
    2007 WL 3352365 (E.D. Mo. 2007)..............................................................................17

*Advanced Technology Incubator, Inc. v. Sharp Corp.*,
    2009 WL 4670435, No. 2:07-CV-468 (E.D. Tex. Sept. 4, 2009)...........................14

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)...........................................................................2, 10, 15, 18, 21

*Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*,
    605 F.3d 1305 (Fed. Cir. 2010)........................................................................12

*Auerbach v. Sverdrup Corp.*,
    829 F.2d 175 (D.C. Cir. 1987)..........................................................................19

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)........................................................................3, 5, 8, 16, 20

*Crater Corp. v. Lucent Tech., Inc.*,
    255 F.3d 1361 (Fed. Cir. 2001)........................................................................17

*Eli Lilly and Company v. Aradigm Corp.*,
    376 F.3d 1352 (Fed. Cir. 2004)........................................................................20

*Estate of Tucker v. Interscope Records, Inc.*,
    515 F.3d 1019 (9th Cir. 2008) ................................................2, 10, 11, 15, 16, 21

*Fina Oil and Chemical Co. v. Ewen*,
    123 F.3d 1466 (Fed. Cir. 1997)........................................................................20

*Hemstreet v. Computer Entry Sys. Corp.*,
    972 F.2d 1290 (Fed. Cir. 1992).........................................................................4

*Hess v. Advanced Cardiovascular Sys., Inc.*,
    106 F.3d 976 (Fed. Cir. 1997)..........................................................................20

*Larson v. United States*,
    26 Cl. Ct. 365 (1992) ................................................................................................18, 19

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986).................................................................................................................2

*Meyers v. Asics Corp.*,
    974 F.2d 1304 (Fed. Cir. 1992) (hereinafter "*Meyers II*")........................................................4

*Meyers v. Brooks Shoe, Inc.*,
    912 F.2d 1459 (Fed. Cir. 1990) (hereinafter "*Meyers I*")...........................................3, 7, 8, 10

*Molinaro v. Watkins-Johnson*,
    359 F.Supp. 467 (D.C. Md. 1973) .......................................................................................17

*Pannu v. Iolab Corp.*,
    155 F.3d 1344 47 USPQ2d 1657 (Fed. Cir. 1998) ...............................................................20

*Raytheon Co. v. Indigo Systems Corp.*,
    2009 WL 2744057, No. 4:07-cv-109 (E.D. Tex. Aug. 25, 2009)...........................................14

*Riles v. Amerada Hess Corp.*,
    999 F. Supp. 938 (S.D. Tex. 1998) ......................................................................................18

*Sevenson Env'tl. Services, Inc. v. Shaw Env'tl., Inc.*,
    477 F.3d 1361 (Fed. Cir. 2007)............................................................................................18

*State Contracting & Eng'g Corp. v. Condotte America, Inc.*,
    346 F.3d 1057 (Fed. Cir. 2003).............................................................................................4

*Systron-Donner Corp. v. Palomar Scientific Corp.*,
    239 F.Supp. 148 (N.D. Cal. 1965) .......................................................................................17

*Texas Digital Systems, Inc. v. Telegenix, Inc.*,
    308 F.3d 1193 (Fed. Cir. 2002)......................................................................................15, 16

*Toxgon Corp. v. BNFL, Inc.*,
    312 F.3d 1379 (Fed. Cir. 2002).............................................................................................17

*University of Colorado Foundation, Inc. v. American Cyanamid Co.*,
    342 F.3d 1298 (Fed. Cir. 2003) cert. denied, 541 U.S. 988 (2004) ......................................20

*Va. Panel Corp. v. MAC Panel Co.*,
    133 F.3d 860 (Fed Cir. 1997)...............................................................................................17

*Wiener v. NEC Electronics, Inc.*,
    102 F.3d 534 (Fed. Cir. 1996)..............................................................................................15

*Winbond Elecs. Corp. v. I.T.C.*,
   262 F.3d 1363 (Fed. Cir. 2001).............................................................................................12

*Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*,
   297 U.S. 387 (1939)....................................................................................................15, 16

STATUTES

28 U.S.C.
   § 1498.................................................................................................................1, 18, 22
   § 1498(a) ..................................................................................................17, 18, 19, 20

35 U.S.C. § 116 ................................................................................................1, 20, 21, 22

35 U.S.C. § 287 .............................................................................................1, 15, 16, 21

OTHER AUTHORITIES

Federal Rule of Civil Procedure 56 ............................................................................1, 17
   56(C) ....................................................................................................................................2

Local Rule CV-56 ..............................................................................................................1

Rule 12 ..............................................................................................................................17

U.S. Patent No. 6,216,185................................................................................................15

U.S. Patent No. 6,718,415..................................................................................................1

U.S. Patent No. 7,099,981.............................................................................................1, 5

U.S. Patent No. 7,146,446.............................................................................................1, 5

U.S. Patent No. 7,328,297.............................................................................................1, 5

U.S. Patent No. 7,363,415..................................................................................................1

U.S. Patent No. 7,363,416...........................................................................................2, 5, 7

U.S. Patent No. 7,376,779..................................................................................2, 5, 7, 8, 10

## I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule CV-56, ACQIS moves for summary judgment on each of the issues set forth below.  Each issue presents a separate and independent basis for relief.

## II.      STATEMENT OF THE ISSUES TO BE DECIDED[1]

This motion presents the issue of whether ACQIS is entitled to summary judgment dismissing:

1.    IBM's and Oracle's affirmative defense of laches;

2.    IBM's affirmative defense of equitable estoppel;

3.    IBM's affirmative defense of waiver;

4.    IBM's affirmative defense under 35 U.S.C. § 287;

5.    Oracle's affirmative defense of government sales;

6.    Oracle's affirmative defense under 35 U.S.C. § 116; and

7.    IBM' affirmative defense of improper inventorship.

## III.      STATEMENT OF UNDISPUTED FACTS

Pursuant to L.R. CV-56, a statement of undisputed facts (cited as "SUF") supporting each issue raised for summary judgment is being filed concurrently with this motion.

## IV.      FACTUAL BACKGROUND

ACQIS has accused several of IBM's and Oracle's blade server products of infringing seven of ACQIS's patents, including claim 5 of U.S. Patent No. 6,718,415 ("the '8,415 Patent"); claims 33, 35, 37, and 66 of U.S. Patent No. 7,099,981 ("the '981 Patent"); claim 41 of U.S. Patent No. 7,146,446 ("the '446 Patent"); claim 11 of U.S. Patent No. 7,328,297 ("the '297 Patent"); claims 12, 25, 27, 51, 73, 74, 79, 82, and 86 of U.S. Patent No. 7,363,415 ("the '3,415

---

[1] Oracle filed its Second Amended Answer and Counterclaims on November 19, 2010 with the late-added defense of governmental sales immunity under 28 U.S.C. § 1498.  Oracle, at the same time, dropped several affirmative defenses, including equitable estoppel, waiver, failure to mark, 35 U.S.C. § 287, prosecution laches, and unclean hands.  Accordingly, ACQIS is not moving for summary judgment on those dropped affirmative defenses.

1

Patent"); claims 6, 56, 61, and 66 of U.S. Patent No. 7,363,416 ("the '416 Patent"); and claims 16, 26, 56, and 57 of U.S. Patent No. 7,376,779 ("the '779 Patent").  (SUF 8, 9.)

In IBM's answers and counterclaims, IBM asserted various affirmative defenses, including those listed in Section II, above, which are the subject of the present motion.  (SUF 10.)   In Oracle's answers and counterclaims, Oracle asserted various affirmative defenses, including those listed in Section II, above, which are the subject of the present motion.  (SUF 10, 15, 16.)

On April 1, 2010, ACQIS served Common Interrogatory No. 8 on all Defendants, including IBM and Oracle, requesting the factual basis for their affirmative defenses. (SUF 12.) IBM supplemented its response to ACQIS's Common Interrogatory No. 8 ("Interrogatory No. 8") near the close of discovery, September 13, 2010. (SUF 13.)  Similarly, Oracle supplemented its response at the close of discovery, September 15, 2010. (SUF 14.)  IBM's and Oracle's responses to Interrogatory No. 8 contain all the facts relevant to their defenses.

## V.       STANDARD OF LAW FOR SUMMARY JUDGMENT

Summary judgment is warranted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(C).  There is no genuine issue for trial, if based on the record as a whole, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986).  The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, and cannot "'rest upon the mere allegations or denials of the adverse party's pleading[s]' but must instead produce evidence that 'set[s] forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008) (citing *Anderson,* 477 U.S. at 248).  Rather, a party opposing

summary judgment must come forward with "concrete evidence" from which a reasonable trier of fact could return a verdict in his favor. *Anderson*, 477 U.S. at 256.  Although the evidence is to be viewed in the light most favorable to the non-moving party, *id.* at 261, when there is a complete failure of proof on an essential element of a cause of action or defense, summary judgment must be entered. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## VI.    ARGUMENT

### A.    ACQIS Is Entitled to Summary Judgment on Defendants' Laches Defenses

IBM and Oracle asserted the affirmative defense of laches against all seven of ACQIS's asserted patents.  (SUF 10, 11.)  For each of the patents-in-suit, however, IBM and Oracle lack evidence to withstand summary judgment on laches.

### B.    Standard of Law for Laches

To establish the equitable defense of laches, Defendants have the burden to prove for each individual patent, by a preponderance of the evidence, that:  (1) ACQIS delayed filing suit for an unreasonable and inexcusable length of time from the time ACQIS knew or reasonably should have known of its claims against Defendants; **and** (2) the delay operated to the material prejudice or injury of the Defendants. *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (emphasis added).  A failure of proof on either element is fatal to Defendants' laches defense.

In a suit involving more than one patent, as is the case here, laches must be determined for each of those patents individually. *Meyers v. Brooks Shoe, Inc.*, 912 F.2d 1459, 1462 (Fed. Cir. 1990) (overruled on other grounds) (hereinafter "*Meyers I*").

The period of delay is measured from the time ACQIS knew or reasonably should have known of the Defendants' alleged infringing activities to the date of suit, and cannot begin prior

3

to the issuance of the patent.  *Aukerman*, 960 F.2d at 1032.  Any delay in filing suit on the part of ACQIS may be excused because it waited for issuance of all the related patents-in-suit.  *Id.*; *Meyers v. Asics Corp.*, 974 F.2d 1304, 1307 (Fed. Cir. 1992) (hereinafter "*Meyers II*").  Delay also is excusable because ACQIS had remained silent regarding the patent, rather than express a position or expressly threaten litigation.  *Id.* at 1307.

For the prejudice element of laches, Defendants must establish that they suffered either material economic or evidentiary prejudice resulting from the ACQIS's alleged delay. *Aukerman*, 960 F.2d at 1033 (internal citations omitted).  Further, Defendants must show that any economic prejudice has a nexus to ACQIS's alleged delay in bringing suit, and consists of more than mere damages due to a finding of liability for infringement.  *See Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1294 (Fed. Cir. 1992); *Aukerman*, 960 F.2d at 1033. Defendants must come forward with evidence that suggests they changed their position because of ACQIS's alleged delay.  *State Contracting & Eng'g Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1066 (Fed. Cir. 2003).

Defendants are entitled to a presumption of laches only if they prove, for each individual patent, that ACQIS delayed filing suit for six years or more after actual or constructive knowledge of the defendant's acts of alleged infringement after the issuance of each patent. *Meyers II*, 974 F.2d at 1307; *Aukerman*, 960 F.2d at 1037.  Notwithstanding the presumption, the ultimate burden of proof always remains with the defendant.  *See Aukerman*, 960 F.2d at 1020. Because each of the patents-in-suit issued less than six years before initiation of the suit, the no presumption of laches arises in this litigation.  (SUF 1-7.)

### C.    The Defendants Lack Evidence Sufficient to Prevent Summary Judgment

While the earliest of the patents-in-suit issued in April 2004, the most recent issued on May 20, 2008, less than a year before ACQIS filed the present suit.  (SUF 7.)

4

| Patent | Issue Date | Elapsed Time to Filing Complaint |
|--------|-----------|----------------------------------|
| '8,415 Patent | April 6, 2004 | Less than five years |
| '981 Patent | August 29, 2006 | Less than three years |
| '446 Patent | December 6, 2006 | Less than two and a half years |
| '297 Patent | February 5, 2008 | Less than two and a half years |
| '3,415 Patent | April 22, 2008 | Less than one year |
| '416 Patent | April 22, 2008 | Less than one year |
| '779 Patent | May 20, 2008 | Less than one year |

Defendants have no evidence to meet their burden of proving laches. The only record evidence relating to laches consists of Defendants' responses to ACQIS's Interrogatory No. 8, which requested the factual basis for the Defendants' affirmative defenses, including laches. (SUF 12.) Despite the Defendants' burden to prove laches, neither IBM nor Oracle met their obligation to respond and supplement their responses to Interrogatory No. 8—let alone with facts that support laches for *each* of the patents-in-suit. (SUF 22-42, 49-69.) Thus, the record is devoid of material facts that prevent summary judgment for either IBM's or Oracle's laches defense against any patent-in-suit. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### 1.    Defendants Are Not Entitled to a Presumption of Laches for Any of the Patents-in-Suit

As a threshold matter, the Defendants cannot benefit from the presumption of laches as to any of the patents-in-suit because all of them issued less than six years before ACQIS filed suit on April 2, 2009. (SUF 1-7.) As discussed above, each of the patents-in-suit issued less than five years before initiation of the suit, with the latest patent issuing less than eleven months prior to initiation of the suit.

Because the presumption of laches does not apply to any of the patents-in-suit, ACQIS bears no burden of production, and Defendants bear the full burden of proving both elements of their laches defenses for each of the patents-in-suit individually. *See Aukerman*, 960 F.2d at

5

1032.  In other words, with presumption of laches inapplicable, to survive summary judgment the Defendants must demonstrate a triable issue of material fact as to both (1) unreasonable delay for each patent individually, and (2) prejudice for each patent individually.  Where Defendants failed to meet their evidentiary burden for either prong for an individual patent, summary judgment should be granted for that individual patent.

### 2. Summary Judgment Against IBM's Laches Defense Against Each of the Patents-in-Suit Is Proper

To survive summary judgment, IBM must present evidence showing a genuine issue of material fact for both the delay and prejudice elements of laches.  If IBM fails on either element for an individual patent, summary judgment in favor of ACQIS for that patent is proper.  *See Auckerman*, 960 F.2d at 1038.  For each of the patents-in-suit, IBM has failed to meet its burden to survive summary judgment for its laches defense.

### a. IBM Failed to Present Evidence of Unreasonable Delay for Each of the Patents-in-Suit

IBM has not provided any facts that support its assertion that ACQIS unreasonably delayed filing suit for infringement of any of the individual patents-in-suit.  The only record evidence relating to IBM's laches defense is its response to ACQIS's Interrogatory No. 8, which sought all facts and evidence supporting IBM's affirmative defenses, including laches.  IBM had an obligation to present the facts supportive of its laches defense for each of the patents-in-suit in its response to Interrogatory No. 8.

The only evidence IBM has is a copy of a web page downloaded by ACQIS in December 2002 that shows pricing and purchase options for a single IBM blade server module.  (SUF 18-19.)   IBM provided no explanation why this single document has any bearing on whether ACQIS unreasonably delayed filing suit and, more importantly, provided no explanation why a single web page is evidence supporting its laches defense for each and every patent-in-suit.

Instead, IBM merely states in conclusory fashion that ACQIS delayed.  (SUF 20.)  IBM had an obligation in responding to Interrogatory No. 8 that ACQIS unreasonably delayed in filing suit for each patent.  *Meyers I*, 912 F.2d at 1462.  For example, IBM must show that a less-than-eleven-month delay, for the '779 Patent, and a less than two-and-a-half-year delay, for the '416 Patent, are unreasonable and inexcusable, but it has not.  IBM's cursory recitation of delay and failure to address any specific patent alone makes summary judgment proper.

> **b.**     **IBM Failed to Present Evidence of Economic Prejudice for Each of the Patents-in-Suit**

IBM has no facts to support its assertion that it suffered economic prejudice, either generally or for individual patents.  It must provide evidence linking economic prejudice to an unreasonable delay in filing suit for an individual patent.  *Aukerman*, 960 F.2d at 1033 (internal citations omitted); *Meyers I*, 912 F.2d at 1462.  The sum total of IBM's support for economic prejudice is again found in its response to Interrogatory No. 8:  "IBM's BladeCenter products have achieved significant market success."  (SUF 21.)

IBM's response to Interrogatory No. 8 with regard to prejudice not only identifies no evidence linking any alleged economic prejudice resulting to unreasonable delay, but also fails to demonstrate whether IBM suffered economic prejudice at all.  And, again, in a case involving seven patents-in-suit, IBM failed to address whether it suffered economic prejudice for each of the patents as *Meyers* requires.  For at least this reason, IBM's laches defense for each of the patents-in-suit should be dismissed.

> **c.**     **IBM Failed to Present Evidence of Evidentiary Prejudice for Each of the Patents-in-Suit**

IBM also has not provided any specific facts to support its assertion that it suffered evidentiary prejudice, either generally or for individual patents.  Rather, it sets forth in its response to Interrogatory No. 8, which again is the only evidence on record relating to IBM's

laches defense, that "critical documents have been lost and/or destroyed by ACQIS" with no further support or elaboration.  (SUF 21.)  But IBM has no particularized evidence of specific documents that were lost or destroyed.  (*Id.*)  Furthermore, IBM failed to provide any facts explaining how it was prejudiced by the loss of any documents.  In its response, IBM mentioned "critical" documents.  Critical to what?  The complete lack of record evidence as to how IBM was allegedly prejudiced demands summary judgment in ACQIS's favor on this issue.  *Celotex*, 477 U.S. at 322-23.

Further, because laches is determined on a patent-by-patent basis, IBM is required to link evidentiary prejudice to an unreasonable delay for each patent individually.  *See Meyers I*, 912 F.2d at 1462.  But IBM failed to do so.  Nowhere in its response to Interrogatory No. 8 does IBM even assert when documents were lost and how the timing of any alleged loss relates to each of the issue dates of the patents-in-suit.  For example, the latest-issued patent-in-suit, the '779 Patent, issued on May 20, 2008, less than a year before ACQIS filed suit IBM points to no documents important to its case that were lost during the few months between issuance of the '779 Patent and initiation of the suit.  (SUF 42.)  Nor does IBM point to documents important to its case that were lost during the less than five years between issuance of the '8,415 Patent and initiation of the suit.  (SUF 36.)  IBM suffers from the same failure for each and every patent-in-suit.  IBM's lack of facts to support evidentiary prejudice for each patent makes summary judgment on its laches defense for each asserted patent proper.

### d.    ACQIS Is Entitled to Summary Judgment on IBM's Laches Defense Against Each of the Patents-in-Suit

IBM has no facts sufficient to support any of the elements of laches for any of the patents-in-suit—let alone each and every patent-in-suit.  All of the patents-in-suit issued within six years of ACQIS filing its complaint, the most recent patent issuing less than eleven months

before filing.   (SUF 1-7.)   IBM has, therefore, failed to present any facts showing the time between issuance of any patent-in-suit and initiation of the suit was an unreasonable delay.   IBM also failed to present facts showing it suffered economic or evidentiary prejudice resulting from the alleged delay for any patent-in-suit.

Thus, there is no genuine issue of fact that can overcome the present motion for summary judgment of no laches, and IBM's laches defense against each of the patents-in-suit should be dismissed.

### 3.    Summary Judgment Against Oracle's Laches Defense Against Each of the Patents-in-Suit Is Proper

To survive summary judgment, Oracle must present evidence showing a genuine issue of material fact for both the delay and prejudice elements of laches.   Oracle first sold an infringing product on April 15, 2006.   (SUF 70.)   Therefore, Oracle, at the very least, must show facts raising a genuine issue that the less than three years between April 15, 2006 and initiation of the suit was an unreasonable delay and that Oracle suffered material prejudice from that delay. *Aukerman*, 960 F.2d at 1032.   If Oracle fails on either element, summary judgment in favor of ACQIS is proper.   For each of the patents-in-suit, Oracle has failed to meet its burden to survive summary judgment for its laches defense.

### a.    Oracle Failed to Present Evidence of Unreasonable Delay for Each of the Patents-in-Suit

Oracle has not provided any facts that support its assertion that ACQIS unreasonably delayed filing suit for infringement of any of the individual patents-in-suit.   ACQIS served its Interrogatory No. 8 on Oracle requesting the factual basis for its affirmative defenses, including laches.   (SUF 12.)   However, Oracle responded by stating that ACQIS failed to notify Sun of the patents-in-suit without citing to any evidence of actual unreasonable delay either generally or for any individual patent-in-suit.   (SUF 43, 50-55.)   Because laches applies to individual patents,

Oracle's obligation to respond to Interrogatory No. 8 required facts supporting Oracle's laches defense for each individual patent. *Meyers I*, 912 F.2d at 1462. Oracle has no evidence of delay for any individual patent. (SUF 49-55). Oracle's conclusory recitation of delay and failure to address any specific patent alone makes summary judgment proper.

### b.      Oracle Failed to Present Evidence of Economic Prejudice for Each of the Patents-in-Suit

Oracle has not presented any facts supporting its assertion that it suffered any economic prejudice related to each patent. Oracle contended that ACQIS should have given Sun an opportunity to consider whether to sell non-infringing products. But Oracle pointed to no facts that suggest it would have made or sold any product that did not infringe any of the patents-in-suit. (SUF 45, 56-62.) Oracle also contended that "Sun is informed and believes that Acqis [sic] would have been more willing to consider reasonable licensing terms." (SUF 46.) Oracle never indicated what evidence "informed" Sun. Further, whether Sun "believes" that ACQIS would have taken a course of action cannot come close to Oracle's evidentiary burden to survive summary judgment on this issue. Oracle first sold an infringing product in April 2006; (SUF 70); Oracle has no facts to show that it would have been able to sell a different product. (SUF 56-62.) Oracle must create a genuine issue of material fact to survive summary judgment, not a genuine issue of belief. *See Estate of Tucker v. Interscope Records, Inc.,* 515 F.3d 1019, 1030 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Oracle also failed to provide evidence linking economic prejudice to the alleged unreasonable delay for each patent. (SUF 56-62.) Oracle has no facts linking economic prejudice to a less-than-eleven-month span between issuance of the '779 Patent and initiation of the suit. (SUF 62.) It has no facts linking economic prejudice to a span of less than two and a half years between issuance of the '3,415 and initiation of the suit. (SUF 60.) Oracle has no

facts linking economic prejudice to the elapsed time between issuance of any of the patents-in-suit and initiation of the suit.  (SUF 56-62.)  It failed entirely to consider that each patent-in-suit not only differs in scope, but that they issued at different times.  Oracle's failure to provide evidence of economic prejudice for any specific patent makes summary judgment proper on its laches defense for each of the patents-in-suit.

### c.      Oracle Failed to Present Evidence of Evidentiary Prejudice for Each of the Patents-in-Suit

Oracle has not provided any specific facts to support its assertion that it suffered material evidentiary prejudice for individual patents.  (SUF 63-67.)  Oracle has no evidence to link any loss of evidence to any particular patent or the alleged delay of filing suit for any particular patent.  Oracle's has no facts suggesting how any of the alleged loss of evidence was linked to any of the patents-in-suit.  Instead, Oracle claimed that it was prejudiced because ACQIS failed to bring its *patent applications* and patents to Oracle's attention.  (SUF 47.)  This position rejects a misunderstanding of the law.   The time period for laches begins only after a patent issues.  *Aukerman*, 960 F.2d at 1032.

Oracle's assertion that evidence was lost on "information and belief" (SUF 48) is also insufficient to prevent summary judgment.  Oracle must present material facts, not conjecture.  *See Tucker,* 515 F.3d at 1030.  Oracle provided no evidence that its "information and belief" was based in fact.  (*Id.*)  Oracle's lack of facts to support evidentiary prejudice for each patent makes summary judgment on its laches defense for each patent-in-suit proper.   And even if evidence was lost, Oracle has no facts suggesting a link between a loss and material prejudice.  (SUF 63-69.)

### d.     ACQIS Is Entitled to Summary Judgment on Oracle's Laches Defense Against Each of the Patents-in-Suit

Oracle's response to Interrogatory No. 8 failed to create a genuine issue for either element of laches for any of the patents-in-suit.  Each of the patents-in-suit issued within six years of ACQIS filing its complaint, the most recent patent issuing less than eleven months before filing.  (SUF 7, 8.)  Oracle has failed to present any facts showing the time between issuance of any patent-in-suit and initiation of the suit was an unreasonable delay.  (SUF 48-55.)  Oracle also failed to present facts showing it suffered economic or evidentiary prejudice resulting from the alleged delay for any patent-in-suit.  (SUF 56-69.)  Therefore, Oracle's laches defense against each of the patents-in-suit should be dismissed.

### D.     ACQIS Is Entitled to Summary Judgment on IBM's Equitable Estoppel Defense

Equitable estoppel is an equitable defense that is committed to the sound discretion of the trial judge.  *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992).  In order to establish equitable estoppel, IBM has the burden to prove three elements by a preponderance of the evidence: (1) ACQIS, through misleading conduct, led IBM to reasonably infer that ACQIS did not intend to enforce its patents against them; (2) IBM relied on ACQIS' conduct; and (3) due to its reliance, IBM will be materially prejudiced if the patentee is allowed to proceed with its infringement claim.  *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310 (Fed. Cir. 2010); *see also Winbond Elecs. Corp. v. I.T.C.*, 262 F.3d 1363, 1374 (Fed. Cir. 2001).  ACQIS' silence alone cannot create an estoppel unless ACQIS had a clear duty to speak or somehow ACQIS's continued silence reinforced to IBM that ACQIS would not enforce its patents.  *Aukerman*, 960 F.2d at 1043-44.  Failure on any single element is fatal to IBM's equitable estoppel defense.

12

As was the case for laches, IBM was obligated to provide all facts and evidence supporting its affirmative defenses, including equitable estoppel, in response to Interrogatory No. 8.  IBM's complete response contained all of the facts IBM has for all three equitable estoppel elements.  (SUF 71.)  Because IBM's response adduces no evidence related to any patent-in-suit to support any of the elements of equitable estoppel, IBM's equitable estoppel defense cannot withstand summary judgment.

## 1. ACQIS Is Entitled to Summary Judgment Dismissing IBM's Equitable Estoppel Defense

IBM has failed to present any facts supporting its equitable estoppel defense for any of the patents-in-suit.  IBM has presented no facts indicating that (1) ACQIS engaged in misleading conduct related to any patent-in-suit, (2) that IBM relied on any misleading conduct, or (3) that IBM suffered any material prejudice as a result.  Therefore, IBM's equitable estoppel defense should be dismissed.

### a. IBM Has Failed to Establish Any Misleading Conduct by ACQIS

There is no evidence that ACQIS engaged in any misleading conduct related to any patent-in-suit with IBM.  ACQIS served Interrogatory No. 8 on IBM to request the facts supporting IBM's affirmative defenses, including equitable estoppel. (SUF 12.)  IBM's response to Interrogatory No. 8 contained all of the facts that support IBM's equitable estoppel defense. However, IBM set forth no facts that suggest misleading conduct by ACQIS related to any patent-in-suit.  (SUF 71.)  For at least this reason, IBM's equitable estoppel affirmative defense should be dismissed.

### b. IBM Failed to Establish that it Relied on a Belief that ACQIS Would Not Sue

IBM included no evidence showing that it relied on any misleading conduct by ACQIS related to any patent-in-suit in its response to Interrogatory No. 8.  (SUF 71.)  Therefore, even assuming that IBM can demonstrate that ACQIS engaged in misleading conduct indicating that ACQIS would not sue, which it cannot, IBM still failed to demonstrate reliance on any such conduct.  For at least this reason, IBM's equitable estoppel affirmative defense should be dismissed.

### c. IBM Has Failed to Show That It Suffered Evidentiary or Economic Prejudice Resulting from Reliance

IBM has no evidence that it suffered prejudice resulting from reliance on any misleading conduct related to any patent-in-suit.  (SUF 71.)  Again, IBM's response would have contained supporting evidence if IBM had it.  Therefore, ACQIS's motion for summary judgment of no equitable estoppel should be granted.

Because IBM has not and cannot point to any evidence supporting any of the three prongs required for an equitable estoppel defense, IBM's equitable estoppel defense should be dismissed.

### E. ACQIS Is Entitled to Summary Judgment on IBM's Waiver Defense

Waiver requires that (1) ACQIS had knowledge of a right **and** (2) either (a) intentionally relinquished that right or (b) engaged in intentional conduct inconsistent with that right. *Advanced Technology Incubator, Inc. v. Sharp Corp.*, 2009 WL 4670435, at *5 No. 2:07-CV-468 (E.D. Tex. Sept. 4, 2009); *Raytheon Co. v. Indigo Systems Corp.*, 2009 WL 2744057, at *5, No. 4:07-cv-109 (E.D. Tex. Aug. 25, 2009).

1.    **IBM's Waiver Defense Fails for a Complete Failure of Proof**

IBM has failed to articulate which rights ACQIS had that it intentionally waived.  As with laches and equitable estoppel, IBM had an obligation to present facts supporting its waiver defense in its response to Interrogatory No. 8.  IBM could not fulfill that obligation, because no facts exist.  (SUF 72.)  IBM's waiver defense, therefore, fails for a total failure of proof.  Accordingly, IBM's waiver defense should be dismissed.

F.    **ACQIS Is Entitled to Summary Judgment on IBM's Defense Under 35 U.S.C. § 287**

Title 35 of U.S.C. § 287 precludes a patentee from recovering damages accruing before the infringer has notice of the patent.  *See Wiener v. NEC Electronics, Inc.*, 102 F.3d 534, 542, (Fed. Cir. 1996) (overruled on other grounds).  However, a patentee has no duty to mark when the patentee neither makes nor sells a product covered by the patent.  *Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 395 (1939); *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002).  Neither does the patentee have a duty to give notice of the patent in lieu of marking.  *Wine Ry.*, 297 U.S. at 395.  To survive summary judgment on IBM's Section 287 defense for each of the patents-in-suit, IBM must show that there is a triable issue of fact that ACQIS made or sold a product embodying each asserted patent and that ACQIS failed to do so.  *Estate of Tucker v. Interscope Records, Inc.,* 515 F.3d 1019, 1030 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  IBM cannot survive summary judgment because it has no facts that create a triable issue  (SUF 78-85.)

1.    **IBM Failed to Raise a Genuine Issue of Material Fact for Its Affirmative Defense Under 35 U.S.C. § 287**

The only product ever produced by ACQIS, the iMod, was covered by U.S. Patent No. 6,216,185 ("the '185 Patent"), which in not currently asserted in this case.  (SUF 73.)  ACQIS

15

also marked the iMod with the '8,415 Patent.  (*Id.*)  When the iMod was in production, ACQIS

marked the product with the '185 Patent and '8,415 Patent numbers.  (SUF 75, 77.)  In 2003,

before any of the patents-in-suit issued, ACQIS divested its hardware assets to Multivision and

ceased manufacturing.  (SUF 74, 76.)  Multivision continued to make and sell the iMod and

mark it.  (SUF 77.)

IBM has no evidence that ACQIS ever sold products covered by any other patent-in-suit.

(SUF 78, 79.)  In fact, ACQIS neither made or sold any product after 2003.  (SUF 76.)  IBM's

response to Interrogatory No. 8, which must include all facts and evidence that IBM intends to

rely upon to support its affirmative defenses including failure to mark, recites no support for the

defense.  (SUF 78-85.)  Thus, IBM's statements in its interrogatory response do not raise a

genuine issue of material fact and cannot prevent summary judgment. *Tucker,* 515 F.3d at 1030.

### 2.     IBM Failed to Provide Evidence to Support Its Affirmative Defense Under 35 U.S.C. § 287 for Each of the Patents-in-Suit

As discussed in greater detail above, ACQIS has neither made nor sold any product, other

than the iMod, covered by the '8,415 Patent.  (SUF 76, 78, 79.)  And it has neither made nor sold

any product covered by any other patent-in-suit.  (SUF 80-85.)  IBM has no evidence that

ACQIS or Multivision failed to mark any product with the '8,415 Patent.  (SUF 78, 79.)  IBM

also has no evidence that ACQIS ever made or sold any other product embodying any of the

patents-in-suit.  (SUF 80-85.)  Because ACQIS never made or sold any products covered by the

patents-in-suit aside from the iMod, which was marked, ACQIS did not have a duty to provide

notice of any patent-in-suit in lieu of marking.  *Wine Ry*, 297 U.S. at 395; *Texas Digital Systems*,

308 F.3d at 1220.

Therefore, IBM failed to provide any evidence that (1) ACQIS either did make or sell

products embodying any of the patents-in-suit after the iMod or (2) ACQIS otherwise had a duty

to provide notice of any of the patents-in-suit.  (SUF 78-85.)  IBM's defense under 35 U.S.C. § 287 for failure to mark for each and every patent-in-suit fails for a lack of evidence. Accordingly, IBM's defense under 35 U.S.C. § 287 against each of the patents-in-suit should be dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### G.    ACQIS Is Entitled to Summary Judgment Dismissing Oracle's Government Sales Defense

Oracle's governmental immunity defense may properly be resolved in a motion for summary judgment.  *Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis*, 2007 WL 3352365, *3 (E.D. Mo. 2007) ("a defense arising under § 1498(a) should be resolved by summary judgment under Rule 56 rather than a motion to dismiss under Rule 12") (citing *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1382 (Fed. Cir. 2002)).

Oracle bears the burden of proof on each and every element of its governmental immunity defense under 28 U.S.C. § 1498(a).  *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002)).  To escape liability for patent infringement under § 1498(a), the infringer must show that the infringing article was "used or manufactured" either (1) by the United States or (2) for the United States.  *See Crater Corp. v. Lucent Tech., Inc.*, 255 F.3d 1361, 1363 (Fed. Cir. 2001) (citing § 1498(a) and *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed Cir. 1997)).  Because no evidence supports a governmental sales immunity under § 1498(a), Oracle's defense cannot survive summary judgment.

### 1.    Oracle's Infringement of ACQIS's Patents Was Not "by the United States"

The fact that infringing products become property of the U.S. alone is insufficient for purposes of § 1498(a).  *See Systron-Donner Corp. v. Palomar Scientific Corp.*, 239 F.Supp. 148, 150 (N.D. Cal. 1965).  For § 1498(a) to apply, use by the United States must be governed by a contract that contains a "Consent and Authorization Clause."  *See Molinaro v. Watkins-Johnson*,

17

359 F.Supp. 467, 472 (D.C. Md. 1973).   Oracle has no evidence to prove that the accused products were used or manufactured by the United States and, thus, cannot escape its liability under this clause.   ACQIS requested the facts supporting Oracle's affirmative defenses in Interrogatory No. 8. (SUF 12.)  Yet, Oracle could not provide any in its response.  (SUF 87, 88.) Therefore, Oracle has failed to create a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### 2.      Oracle's Infringement of ACQIS's Patents Was Not "for the United States."

Infringement by an entity other than the United States, such as a governmental contractor, subcontractor, or other entity, is deemed to be "for the United States" if the infringement was "(1) for the Government and (2) with the authorization and consent of the Government." 28 U.S.C. § 1498(a); *Sevenson Env'tl. Services, Inc. v. Shaw Env'tl., Inc.*, 477 F.3d 1361, 1365 (Fed. Cir. 2007).  Again, Oracle has no evidence to meet either of these requirements.  (SUF 87, 88.) Therefore, Oracle's government sales defense cannot rest on "use for the United States."

### a.      Oracle has no evidence that its accused products were offered for sale or sold "for the Government."

For infringing activity to be "for the Government," as that term is used in § 1498(a), the infringer must demonstrate that (1) the infringing conduct occurred pursuant to a contract with the government; and (2) the government received a direct benefit.  *Sevenson*, 477 F.3d at 1365. Further, to determine whether the use of a patented product is for the government's benefit, the Court must "look at the purpose of the action" and determine "whether the United States has an actual interest in the type of device selected to be used or manufactured for the Government." *Riles v. Amerada Hess Corp.*, 999 F. Supp. 938, 940 (S.D. Tex. 1998).  For 28 U.S.C. § 1498(a) to apply, the government must have much more than a general interest in the defendant's activities.  *Larson v. United States*, 26 Cl. Ct. 365, 369 (1992) ( "[t]he fact that the government

has an interest in the program generally . . . is too remote to make the government the program's beneficiary for the purposes underlying § 1498.").

Here, Oracle has no evidence to satisfy either condition. Its response to Interrogatory No. 8 is devoid of any evidence to support that Oracle is bound to provide the United States blade server systems using ACQIS's patented technology or that the government benefits from the manufacture and sale of Oracle's infringing products. (SUF 88.) There is also no evidence that the U.S. has direct control over the disposition of the infringing products, and the U.S. receives no financial gain from Oracle's sales. (SUF 88.) In fact, Oracle has not shown that the government receives any infringing products from Oracle. (SUF 88.) Thus, Oracle's government sales defense cannot rest on sales or offers for sale "for the Government."

>    **b.** **Oracle has no evidence that the Government authorized or consented to its infringement of the ACQIS patents.**

The "authorization and consent" prong of the § 1498(a) test requires an alleged infringer to set forth "explicit acts or extrinsic evidence sufficient to prove the government's intention to accept liability for a specific act of infringement." *Larson*, 26 Cl. Ct. at 369-370, citing *Auerbach v. Sverdrup Corp.*, 829 F.2d 175, 177 (D.C. Cir. 1987). In the absence of an express authorization or consent by the government to infringe the claims of the patents at issue, the alleged infringer may still seek to avoid liability under the theory of implied authorization by necessity, by proving that: "(1) the Government expressly contracted for work to meet certain specifications; (2) the specifications cannot be met without infringing on a patent; and (3) the Government had some knowledge of the infringement." *Larson*, 26 Cl. Ct. at 369-370. Again, Oracle failed to provide evidence that the government authorized or consented to, either explicitly or implicitly, Oracle's infringement of the ACQIS patents. (SUF 88.) As a result,

Oracle's government sales defense cannot rest on government authorization or consent to infringement.

Because Oracle cannot demonstrate that its infringing products were "used or manufactured" either (1) by the United States or (2) for the United States, Oracle's affirmative defense under § 1498(a) fails for a complete lack of proof.  Accordingly, Oracle's § 1498(a) defense should be dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### H.   ACQIS Is Entitled to Summary Judgment Dismissing Defendants' 35 U.S.C. § 116 Defense

Title 35 of U.S.C. § 116 provides that "[w]hen an invention is made by two or more persons jointly, they shall apply for patent jointly and each make the required oath" with some exceptions. 35 U.S.C. § 116.  Failure to meet this joint inventorship requirement can be grounds for invalidating a patent.  *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349-50 47 USPQ2d 1657 (Fed. Cir. 1998).  To prevail in their invalidity defense, Defendants must identify the alleged co-inventor who was omitted from ACQIS's patents and show that the contribution of that alleged co-inventor relates to the conception of the claimed invention.  *Eli Lilly and Company v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004); *see Pannu*, 155 F.3d at 1350.  That contribution must be more than just an explanation of "the current state of the art." *Fina Oil and Chemical Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997).

However, inventorship of the patents-in-suit is presumed to be correct; *University of Colorado Foundation, Inc. v. American Cyanamid Co.*, 342 F.3d 1298, 1308 (Fed. Cir. 2003) cert. denied, 541 U.S. 988 (2004); and Defendants have the burden of proof, under clear and convincing evidence, to show that ACQIS failed to meet the requirements of Section 116.  *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997).

1.    **Oracle's Defense Under 35 U.S.C. § 116 Fails for a Complete Lack of Proof**

Oracle had an obligation to present facts supporting its defense under Section 116 in its response to Interrogatory No. 8. Oracle did not identify another co-inventor, did not point to any inventive material or contributions by another, and did not point to any documents or other evidence that there was co-inventor. (SUF 91.) Therefore, no genuine issues of material fact exist and Oracle's defense under 35 U.S.C. § 116 should be dismissed.

2.    **IBM's Inventorship Defense Fails for a Complete Lack of Proof**

IBM asserted that some patents-in-suit are unenforceable for failure to name additional inventor(s). (SUF 92.) IBM failed to expressly address an affirmative defense of invalidity under 35 U.S.C. § 116. IBM also failed to adduce any evidence supporting its allegation that could defeat ACQIS's motion for summary judgment. Instead, IBM stated in its response to Interrogatory No. 8 that it "believes" that there were other inventors for some of the patents-in-suit. (SUF 93.) IBM did not provide any evidence that the contribution of another related to conception of the inventions claimed in any of the patents-in-suit, or that identified a co-inventor. (SUF 94.) IBM's conclusory assertion is insufficient to withstand summary judgment. *Estate of Tucker v. Interscope Records, Inc.,* 515 F.3d 1019, 1030 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Therefore, summary judgment on IBM's improper inventorship defense should be granted.

## VII.   CONCLUSION

For each of the affirmative defenses addressed herein, IBM and Oracle either offer no proper summary judgment evidence or offer mere conclusory statements that cannot withstand summary judgment. ACQIS therefore respectfully requests entry of summary judgment in its favor for each of the patents-in-suit on:

1.  IBM's and Oracle's Affirmative Defenses of laches;

2.  IBM's Affirmative Defense of equitable estoppel;

3.  IBM's Affirmative Defense of waiver;

4.  IBM's Affirmative Defense under 35 U.S.C. § 287;

5.  Oracle's Affirmative Defense of government sales under 28 U.S.C. § 1498; and

6.  Oracle's Affirmative Defense of invalidity under 35 U.S.C. § 116; and

7.  IBM's Affirmative Defense of invalidity for improper inventorship.

Dated:  December 3, 2010                    Respectfully submitted,


                                           */s/Orion Armon*

                                           George E. Chandler
                                           CHANDLER LAW OFFICES
                                           207 E. Frank St., Ste 105
                                           Lufkin, TX  75901-0340

                                           James P. Brogan
                                           Carolyn V. Juarez
                                           Ann Marie Byers
                                           Wayne O. Stacy
                                           Sarah J. Guske
                                           Orion Armon
                                           Eamonn Gardner
                                           Jeffrey A. Smith
                                           Case Collard
                                           COOLEY LLP
                                           380 Interlocken Crescent, Ste. 900
                                           Broomfield, CO  80021-8023
                                           Telephone:     (720) 566-4000
                                           Facsimile:     (720) 566-4099

                                           Thomas J. Friel, Jr.
                                           COOLEY LLP
                                           101 California Street, 5th Floor
                                           San Francisco, CA  94111-5800
                                           Telephone:     (415) 693-2000
                                           Facsimile:     (415) 693-2222

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this **ACQIS'S MOTION FOR SUMMARY JUDGMENT ON IBM'S  AND ORACLE AMERICA, INC.'S AFFIRMATIVE DEFENSES TITLE** was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on December 3, 2010.


*/s/  Orion Armon*


## CERTIFICATE OF AUTHORIZATION TO SEAL DOCUMENTS

I certify that on November 4, 2009, this Court entered a Protective Order (D.I. #180), which allows for the filing of the attached documents under seal.


*/s/ Orion Armon*