IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ACQIS LLC | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | |
| APPRO INTERNATIONAL, INC., | § | |
| CLEARCUBE TECHNOLOGY, INC., | § | **CASE NO. 6:09 CV 148** |
| DELL INC., FUJITSU COMPUTER | § | **PATENT CASE** |
| SYSTEMS CORP., HITACHI | § | |
| AMERICA, LTD., HEWLETT- | § | |
| PACKARD CO., INTERNATIONAL | § | |
| BUSINESS MACHINES CORP., NEC | § | |
| CORP. OF AMERICA, NEXCOM INC., | § | |
| SUN MICROSYSTEMS, INC., and | § | |
| SUPER MICRO COMPUTER, INC., | § | |
| | | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

IBM's motions for leave to amend its invalidity contentions (Docket Nos. 317 and 335) are

before the Court.  As the Court stated at the January 20, 2011 pretrial hearing, the Court **GRANTS**

the motion relating to the RLX system (Docket No. 317) and **DENIES** the motion relating to the

IBM BladeCenter (Docket No. 335).

## BACKGROUND

In two separate motions, IBM seeks to add two pieces of prior art: the RLX System 324 and

the IBM BladeCenter.  The BladeCenter is an accused product, and a later version of the RLX

System was once an accused product in this case.  IBM contends that Acqis had claimed a February

2000 priority date for its patents, but at inventor Chu's deposition in June 2010, Chu admitted he had

no evidence substantiating a February 2000 priority date.  IBM contends it only recently became

aware of the relevance of these systems as prior art.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. A party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all. *Id.*

## RLX SYSTEM 324

The RLX System 324 was developed—allegedly in 2000—by a company known as Rocket Logix. In 2005, former defendant Hewlett Packard ("HP") acquired Rocket Logix. IBM already asserts patents allegedly covering the RLX System 324 as prior art. IBM contends it only recently became aware of evidence allegedly proving that the RLX System 324 was invented before Acqis's patents and is thus prior art.

The inventor of the RLX 324 system died during discovery in this case, hindering IBM's ability to find evidence about its conception and reduction to practice. Although HP, a former defendant, acquired Rocket Logix, it did so after the RLX System 324 was invented. Thus, unlike

2

BladeCenter, the RLX System 324 was not invented by a party, also complicating IBM's ability to discover evidence relevant to conception and reduction to practice.   Moreover, IBM argues that it did not realize the RLX System 324 could be relevant prior art until Chu's deposition, in which he admitted he did not have evidence to support a February 2000 priority date.  Acqis contends that IBM has not sufficiently shown its diligence in searching for evidence relevant to the RLX System 324.  However, the Court is satisfied by IBM's explanation for its delay.

Although patents covering the RLX System are already asserted as prior art, the RLX System 324 itself is still important prior art.  It is a tangible system for the jury to consider, distinct from the patents covering it.  Acqis will suffer some prejudice by the delay in adding the system this close to trial.  However, the importance of the system and IBM's explanation for its delay outweigh this prejudice.  Accordingly, the Court **GRANTS** the motion.  The Court **ORDERS** the parties to meet and confer on whether Acqis needs any relief in light of this ruling.  If the parties cannot agree, Acqis shall promptly file a motion.

## IBM BLADECENTER

Unlike the RLX system, BladeCenter is, and always has been, IBM's own product.  The documents and witnesses relevant to its invention and conception have always been within IBM's control.   IBM does not offer a satisfactory explanation for why it was unable to discover BladeCenter's relevance earlier.  IBM contends that it should be allowed to add the BladeCenter because IBM only realized during Chu's June 2010 deposition that Acqis did not have proof to support an earlier alleged priority date.  However, IBM alleges that BladeCenter predates even Acqis's earliest claimed priority date, making it relevant prior art all along.  Similarly, IBM contends

that Acqis's statements during reexamination make the BladeCenter relevant prior art.  However, those statements were made after IBM communicated to Acqis that it desired to add BladeCenter as prior art.  IBM argues that the Court's claim construction opinion and rejection of IBM's proposed size limitation on "computer module" make the BladeCenter relevant prior art.  However, IBM communicated its desire to add BladeCenter before the Court issued its claim construction opinion. Additionally, IBM does not dispute that its original invalidity contentions included prior art that did not meet IBM's proposed size limitation.

IBM has not offered a reasonable explanation for its delay.  Although the BladeCenter is important prior art, adding it would cause Acqis great prejudice.  Accordingly, Given IBM's inability to reasonably explain its delay, IBM cannot overcome the prejudice to Acqis in adding the BladeCenter at this time.

IBM also argues that it is entitled to amend its invalidity contentions as a right under Patent Rule 3-6(a)(2)(B).  This argument also lacks merit.  IBM should have prepared for the possibility that the Court would not adopt its proposed limitation.  A party cannot argue that merely because its proposed claim construction is not adopted by the Court, it is surprised and must prepare new invalidity contentions.  *Convolve, Inc. v. Compaq Computer Corp.*, 2006 WL 2527773 (S.D.N.Y. August 31, 2006) (holding that parties who have notice of the opposing party's claim construction but do not prepare for the possibility that the court may adopt it can be held accountable); *Finisar Corp.*, 424 F. Supp. 2d at 901 (granting motion to strike amended invalidity contentions); *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) (Clark, J.) (granting motion to strike amended infringement contentions even though the court adopted neither party's proffered claim

4

constructions); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008) (Davis, J.).  Accepting such an argument would encourage parties to file narrow proposed constructions and hide important prior art until later in the case.  *Finisar Corp.*, 424 F. Supp. 2d at 901.  For these reasons, the exception articulated by Patent Rule 3-6(a)(2)(B) is narrowly drawn to circumstances where the Court's construction reasonably surprises a party.  Accordingly, IBM is not entitled to amend as a right.

Accordingly, the Court **DENIES** the motion.

## CONCLUSION

For the reasons given, the Court **GRANTS** the motion relating to the RLX system (Docket No. 317) and **DENIES** the motion relating to the IBM BladeCenter (Docket No. 335).

**So ORDERED and SIGNED this 20th day of January, 2011.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

5