**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ACQIS LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>           Defendant. | Case No. 6:09-00148-LED<br>**Jury Trial Demanded** |

**ACQIS'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

I.  **INTRODUCTION**

ACQIS renews its motion for entry of judgment as a matter of law in its favor on IBM's claims for declaratory judgments of invalidity of the '185, '8,415, '981, '446, and '297 Patents (the "Dropped Patents") and IBM's abandoned invalidity arguments and affirmative defenses regarding the '3,415, '416, and '779 Patents (the "Patents-in-Suit"). FED. R. CIV. P. 50(b).

ACQIS originally asserted eight patents against IBM. (D.I. 1.) IBM sought declaratory judgments that each of ACQIS's eight patents are invalid. (D.I. 76; 105; 596.) ACQIS ultimately narrowed its claims to comply with trial time limits and proceeded to trial on three patents. IBM neither dismissed its invalidity counterclaims for the Dropped Patents nor offered evidence at trial to prove that any claims of the Dropped Patents are invalid. No reasonable jury could find in IBM's favor on its invalidity counterclaims, so judgment should be entered finding that the Dropped Patents are not invalid.

Furthermore, IBM abandoned many of the affirmative defenses it asserted against the Patents-in-Suit by failing to present any evidence in support the defenses at trial. No reasonable jury could find in IBM's favor on these abandoned defenses either, so judgment also should be entered in ACQIS's favor regarding those theories to ensure that IBM does not attempt to raise them again if a re-trial becomes necessary.

II.  **STATEMENT OF FACTS**

IBM answered ACQIS's complaint with counterclaims for declaratory judgments of invalidity on all of the eight original Patents-in-Suit. (D.I. 76.) IBM pursued its declaratory judgment claims by taking discovery and serving detailed invalidity contentions covering each asserted claim in each of the eight original Patents-in-Suit. (Ex. 1).[1]

---

[1] All exhibits are to the Armon Declaration

After the claim construction hearing—and at the Court's request—ACQIS reduced its asserted patent claims from over one hundred to twenty-five, including by dropping its allegations of infringement of the '185 patent. (Ex. 2). Even after ACQIS stopped asserting the '185 patent against IBM, IBM pursued its invalidity counterclaim on the '185 patent. As trial approached, IBM even filed proposed jury instructions addressing its declaratory judgment claim: "ACQIS is no longer accusing IBM or Oracle of infringing the '185 patent, but IBM is challenging the validity of the '185 Patent in this lawsuit." (D.I. 502, Ex. 7.)

As trial approached, ACQIS agreed to narrow its infringement claims further and identified three patents and six patent claims it would present at trial. (Ex. 3). In return, IBM agreed that trial would focus on a representative subset of accused products and agreed to present a subset of its invalidity theories for each asserted patent claim. (*Id.*)

As trial approached and the parties narrowed their asserted claims and defenses, IBM never indicated any intent to dismiss its invalidity counterclaims. Subsequently, during trial, IBM failed to present any evidence supporting its invalidity counterclaims on the Dropped Patents, and it similarly failed to present any evidence supporting many of the affirmative defenses it asserted against the three Patents-in-Suit.

### III. LEGAL STANDARD

If the Court does not grant a motion for judgment as a matter of law, the movant may file a renewed motion after trial. FED. R. CIV. P. 50(b). Entry of judgment as a matter of law is required when a party fails to present any evidence to support a claim or defense. FED. R. CIV. P. 50(a)(1).

When an invalidity counterclaim is neither dismissed nor pursued at trial, the counterclaimant has abandoned the claim. *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 801 (Fed. Cir. 2010) (holding that the defendant abandoned invalidity counterclaims it did

not pursue at trial); *Vaughn v. Mobil Oil Exploration and Producing Se., Inc.*, 891 F.2d 1195, 1198 (5th Cir. 1990) ("We can only construe appellee's failure to urge its claims before the district court as an intention to abandon that part of its case.")

IV. **ARGUMENT**

    A. **Judgment As A Matter Of Law Should Be Entered In ACQIS's Favor On IBM's Invalidity Counterclaims For The Dropped Patents**

        1. **IBM's Invalidity Counterclaims Were Not Mooted When ACQIS Reduced Its Asserted Claims**

Even after ACQIS narrowed its case for trial by dropping infringement allegations for some of its originally asserted patents, IBM had the right to continue pursuing its invalidity counterclaims—and it did so. By affirmatively signaling its intent to invalidate the '185 patent after ACQIS dropped its infringement claims as to that patent, IBM demonstrated that it believed its invalidity counterclaims were independent of ACQIS's infringement claims and not mooted by ACQIS's decision not to pursue them. (D.I. 502, Ex. 7 ("ACQIS is no longer accusing IBM or Oracle of infringing the '185 patent, but IBM is challenging the validity of the '185 Patent in this lawsuit.").)

Federal Circuit case law confirms that IBM was correct in its assumption—IBM's invalidity counterclaims were not mooted when ACQIS narrowed its infringement claims from eight to three patents. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1296 (Fed. Cir. 2009) (finding declaratory judgment jurisdiction existed after plaintiff dropped infringement claims).

        2. **IBM Abandoned Its Invalidity Counterclaims At Trial**

At trial, IBM only presented evidence attacking the validity of the asserted claims in the three Patents-in-Suit. (*See generally* Ex. 4, at 15:17-138:08.) IBM failed to present any evidence showing that the claims of the Dropped Patents are invalid. By failing to either dismiss

its invalidity counterclaims or pursue them at trial, IBM abandoned its claims that the Dropped Patents are invalid. *Silicon Graphics, Inc.*, 607 F.3d at 801.

### 3. Judgment Is Appropriate On IBM's Invalidity Counterclaims

As a matter of law, IBM cannot prevail on claims that it did not support with evidence at trial. FED. R. CIV. P. 50(a)(1). IBM failed to present any evidence to support its claims seeking declaratory judgments that the Dropped Patents are invalid, so ACQIS is entitled to judgments in its favor on each of IBM's First, Second, Third, Fourth, and Fifth declaratory judgment counterclaims. The Court should enter judgment that the '185, '8,415, '981, '446, and '297 patents are not invalid. *Silicon Graphics, Inc.*, 607 F.3d at 801.

### B. Judgment Is Appropriate On IBM's Abandoned Affirmative Defenses To The Patents-in-Suit

IBM expressly dropped[2] or failed to present any evidence at trial to prove many of the affirmative defenses that it asserted against the three Patents-in-Suit that were presented at trial. Accordingly, judgment as a matter of law should be granted in ACQIS's favor on:

- Indefiniteness of any claim in the '3,415, '416, or '779 patents under 35 U.S.C. § 112;

- Lack of enablement of any claim in the '3,415, '416, or '779 patents under 35 U.S.C. § 112;

- Lack of written description of any claim in the '3,415, '416, or '779 patents under 35 U.S.C. § 112;

- Failure to disclose the best mode for any claim in the '3,415, '416, or '779 patents under 35 U.S.C. § 112;

- IBM's double-patenting affirmative defense asserted against each of the '3,415,

---

[2] Ex. 5, at 136:21-137:2 ("Ms. Guske: Defense Counsel has confirmed that it's dropping all 112 related defenses […] The Court: Is that correct, Counsel? Mr. Stone: That's correct.")

    '416, and '779 patents;

- IBM's government sales affirmative defense[3] under 28 U.S.C. § 1498; and

- IBM's affirmative defense of prosecution history estoppel asserted against each of the '3,415, '416, and '779 patents.

There is no jury question concerning any of these defenses because IBM abandoned them. *Silicon Graphics, Inc.*, 607 F.3d at 801; *Vaughn,* 891 F.2d at 1198. The Court should enter judgment as a matter of law on each of the foregoing affirmative defenses to ensure that IBM does not attempt to raise them again if a re-trial becomes necessary.

**V. CONCLUSION**

  IBM offered no evidence at trial to support its claims for declaratory judgments that ACQIS's '185, '8,415, '981, '446, and '297 patents are invalid. No reasonable jury could find in IBM's favor on its First, Second, Third, Fourth, and Fifth declaratory judgment counterclaims, so the Court should enter judgments that the '185, '8,415, '981, '446, and '297 patents are not invalid.

  In addition, no reasonable jury could find in IBM's favor on affirmative defenses to the three Patents-in-Suit that IBM abandoned at trial. The Court should therefore enter judgments in ACQIS's favor on those defenses also.

Dated: March 29, 2011          Respectfully submitted,

                  */s/ Orion Armon*

                 George E. Chandler
                 CHANDLER LAW OFFICES
                 207 E. Frank St., Ste 105
                 Lufkin, TX 75901-0340

---

[3] Counsel for IBM conceded that no witness opined on government sales. (*Id.* at 148:16-22.)

6.

Michael C. Smith
SIEBMAN, BURG, PHILLIPS
 & SMITH, LLP
113 East Austin Street
Marshall, TX 75670

James P. Brogan
Wayne O. Stacy
Sarah J. Guske
Orion Armon
COOLEY LLP
380 Interlocken Crescent, Ste. 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

Thomas J. Friel, Jr.
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this **ACQIS'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on March 29, 2011.

/s/     Orion Armon

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for the Plaintiff and counsel for the Defendant had a personal conference by telephone on March 25, 2011. Orion Armon, counsel for ACQIS, and Mike Powell, counsel for IBM, conferred regarding the relief ACQIS seeks but were unable to reach agreement, leaving an open issue for the court to resolve.

/s/     Orion Armon

353644 v6/CO